STATE, EX REL. BEN ALLEN, APPELLANT, V. CARL RYDER, SHERIFF, ET AL., APPELLEES.

FILED MAY 2, 1930. No. 27073.

*Andrew P. Moran,* for appellant.

*George H. Heinke, contra.*

Heard before Goss, C. J., Dean, Thompson, Eberly and Day, JJ., and Fitzgerald and L. S. Hastings, District Judges.

Fitzgerald, District Judge.

This matter comes here on an appeal from an order of the district court for Otoe county denying an application for a writ of habeas corpus presented by Ben Allen, appellant herein.

The facts disclose that appellant was convicted by a jury in the district court for Otoe county, on an appeal from a conviction in the county court of Otoe county, and the penalty fixed therein.

From the conviction in the district court for said county and the penalty of 30 days in the county jail of said county, defendant Allen appealed his case to this court, March 30, 1929, the order of the district court was affirmed, and mandate issued to the district court for Otoe county commanding it to execute its order previously entered. Whereupon the district court issued a commitment to the sheriff of said county to take possession of said Ben Allen and confine him in the county jail for a period of 30 days.

In the meantime, however, and on March 26, 1929, Ben Allen had pleaded guilty in the county court of said county to another offense similar to the one from which he had appealed, and as a penalty had been sentenced to serve 45 days in the county jail, wherein he was confined at the time the mandate was received by the district court and at the time the commitment issued by virtue thereof.

Appellant contends that he began to serve the 30 day sentence on April 5, 1929, while appellees contend that his service did not begin until the end of the 45 day sentence.

If the two sentences were pronounced by the same court

at the same term, there might be some consideration given the contention of appellant, but, since he was confined in the county jail on a commitment from another court at the time he was brought before the district court for sentence in accordance with the mandate from this court, he was not free to begin service on the district court commitment until the expiration of the county court term. It was not his right to be brought from the county jail to appear before the district court for sentence, and the fact that, as a matter of sufferance, he was allowed to appear cannot be taken advantage of by him in this proceeding. He brought on the sentence in the district court at the time it was pronounced, by his motion, and there is nothing in the record to indicate that the district judge knew he was not free to begin his sentence. If the district judge knew appellant was serving a sentence, he could have made the sentence fit those circumstances. It appears, however, that there might have been a withholding of the facts from the district court for the purpose of defeating its order.

We cannot lay down a rule that sentences pronounced in different courts run concurrently, even though they are both to be served in the same institution, when the sentence pronounced is silent on the matter.

We are of the opinion that the application for the writ of habeas corpus was properly denied, and that the order of the district court for Otoe county should be, and it is,

AFFIRMED.