FLOYD BROTT, APPELLANT, v. W. T. FENTON, WARDEN, APPELLEE.

FILED MARCH 13, 1931. No. 27616.

*Adams & Adams* and *J. A. Hayward,* for appellant.

*C. A. Sorensen, Attorney General,* and *George W. Ayres,* contra.

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This is an application for a writ of habeas corpus against the warden of the Nebraska state penitentiary. The trial court refused the issuance of the writ.

Brott was tried, convicted and sentenced to the penitentiary for a period of two years and six months for chicken stealing by the district court for Lancaster county. He prosecuted a proceeding in error to the supreme court and was released on bond. While free on bond, he went to Hall county, where he was convicted in the district court for stealing a calf and sentenced to three years in the penitentiary. He commenced serving this sentence December 19, 1927. Nine days later the supreme court affirmed the conviction of the district court for Lancaster county and issued its mandate. The Hall county sentence was completed April 11, 1930, whereupon appellant was held to serve the previous sentence.

The appellant has served no part of his sentence imposed by the Lancaster county court. The delay was caused by his prosecution of error proceedings to this court and his interim conviction in Hall county. In *Riggs v. Sutton,* 113 Neb. 556, we held: "The time for the beginning of a sentence of imprisonment in a criminal action is not an essential part of the judgment." See the recent case of *Volker v. McDonald, ante,* p. 508. Appellant relies on *King v. Fenton,* 119 Neb. 872, which was decided upon a question of fact and does not hold, as he contends, "that two or more sentences shall run in their proper sequence * * * in the absence of specific directions of the court to the contrary." See *Mercer v. Fenton, ante,* p. 191. The appellant's liability to the state of Nebraska was, under the two sentences in this case, five years and six months. He had discharged this liability for penal servitude to the extent of three years upon the 11th of April, 1930. He has served but a few days of the first sentence. This case is controlled by *State v. Ryder,* 119 Neb. 704, wherein we held: "When sentence is pronounced upon one already serving a sentence from another court, the second sentence does not begin to run until the sentence which the prisoner is serving has expired, unless the court pronouncing the second sentence specifically states otherwise." When the mandate of this court was issued which affirmed the judgment and sentence of the Lancaster county court, the appellant was then serving another sentence.

The appellant was not entitled to a discharge on a writ of habeas corpus, and the judgment of the district court is

AFFIRMED.

PAINE, J., not participating.