UNION MOTOR CAR COMPANY v. FARMER et al.

(Division B. Jan. 4, 1932.)

[138 So. 579. No. 29680.]

**Royden Dixon**, of Memphis, Tenn., and **Boone & Lowry,** of Marks, for appellant.

**Maynard, FitzGerald & Venable**, of Clarksdale, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

On or about the 6th day of April, 1920, N. A. Cartledge was sheriff of Coahoma county, Miss., and at this time a suit was filed by appellant against H. H. Farmer seeking a judgment on a promissory note and the seizure and condemnation of a certain automobile to satisfy said judgment, the car being seized under a writ of summons and seizure, and note representing money due for the purchase price thereof. The sheriff made a return certifying that he had taken the car into his possession on the 7th day of April, 1920, and that he had served summons on the defendant, Farmer. The writ, with

these indorsements, was filed with the clerk and placed with the papers in the case. Shortly thereafter Farmer filed a replevin suit against the sheriff for the possession of the car, and the sheriff, thinking the procedure was legal, accepted the replevin bond and turned the car over to Farmer, and made the return showing his action on the writ of summons and seizure, and delivered the bond to the clerk of the court. The car involved was taken out of the state, and was never thereafter in the actual possession of the sheriff.

At the May, 1921, term of the circuit court a trial on the writ of seizure was proceeded with, and the note introduced in evidence, but no evidence was introduced relative to the car, and neither the writ nor the return was offered in evidence. The jury returned a verdict for the amount of the note. At this term the appellant moved the court to set aside the judgment for the amount sued for, and this motion was taken under advisement for decision in vacation. No decision, however, was made in the cause until after the next regular term of the court intervened and had adjourned, after which the judge, without entering a new order to further take it under advisement, rendered a judgment ordering the car to be sold to satisfy the judgment. On this judgment a special execution was issued to Cartledge upon which he made a return on the 29th day of April, 1922, that the car could not be sold; for the reason that it had been restored to Farmer on bond, and that the car was not in his possession.

At the May, 1922, term of the circuit court the appellant filed a motion against the sheriff, Cartledge, and the surety on his bond, seeking the penalties provided by statute for failure to make a return of execution showing a sale of the car, etc. To this motion the sheriff and his surety filed a plea in which they sought to attack the judgment as being void.

On the 25th of November, 1922, the circuit court rendered a judgment quashing the special execution and relieving the sheriff of any duty to execute the same.

The appellant appealed from this judgment to the Supreme Court, which affirmed the judgment of the lower court, the decision was reported in Union Motor Car Co. v. Cartledge, 133. Miss. 318, 97 So. 801. The decision of the Supreme Court was based on the ground that the judgment on which the execution had been issued was void for having been rendered in vacation without a precedent order entered at the September term. The mandate of this court was filed in the court below on the 4th day of March, 1924.

At the fall term of the circuit court of 1924, the appellant filed a motion to set aside all former proceedings and for a trial de novo. This motion was overruled, but the court offered to permit plaintiff to introduce proof upon the motion for a new trial previously made at the May, 1921, term of the court. The plaintiff declined to introduce any proof, the court overruled the motion for a new trial, and judgment was entered on the verdict of the jury for the amount due, and the court refused to enter a further order for the sale and condemnation of the car.

The appellant appealed from this judgment to the Supreme Court, and the action of the lower court was reversed and judgment rendered by the Supreme Court condemning the car to be sold; said judgment being rendered in the Supreme Court on the 28th day of October, 1928. 151 Miss. 734, 118 So. 425. The appellant did not procure the issuance of a mandate on this judgment until the 24th day of June, 1929. The mandate was filed in the lower court on the 25th day of June, 1929. Nothing was done by the appellant until April, 1930, when the appellant procured a special execution to be issued on this mandate and judgment which was placed in the

hands of the then sheriff, W. L. Matthews, who made a return thereon of nulla bona, and further certified that the automobile had never been in his possession nor was it delivered to him by his predecessor in office. The predecessor in office of Matthews was S. W. Glass, who served four years as sheriff; the term of Cartledge having expired in January, 1924.

On May 12, 1930, the appellant filed a motion against N. A. Cartledge and the surety on his official bond to recover the amount called for by the special execution, together with interest, damages, and costs. This motion was made under section 3325, Code of 1930, which had been brought forward without change from the Code of 1906 (section 4678). The section reads as follows: "Every sheriff who shall have levied an execution or other process on goods and chattels which shall remain in his possession unsold at the expiration of his term of office, shall deliver the same to his successor in office, taking his receipt therefor; and the sheriff to whom such goods and chattels are delivered shall sell the same in like manner as his predecessor ought to have done had he remained in office, and shall pay the proceeds of the sale to the parties entitled thereto. And if any sheriff fail to deliver to his successor any goods and chattels so levied on and remaining in his hands, on demand therefor, the plaintiff in the execution or other process, upon five days' notice thereof, may move the court from which the writ issued, against the sheriff so failing, and his sureties and their executors and administrators, upon which motion judgment shall be entered for the amount of the execution or other process, with interest, and five per centum damages and costs."

It will be noted from a reading of the section that it provides that every sheriff who has levied an execution or other process on goods and chattels which shall remain in his possession unsold at the expiration of his term of office shall deliver the same to his successor

in office, etc. The concluding part of the section provides for a penalty for failure to do so, and for motion against the sheriff and his bondsmen. The statute is a penal statute, and must be strictly construed. The motion can only be made under the conditions named in the statute. The court can neither enlarge the statute nor write out of it terms which are in it as a condition upon which the motion shall be made and penalties allowed. It clearly appears that the property was not in the possession of Cartledge when he went out of office. He did not then have possession of the car actually, but had delivered it under the replevin proceeding to the defendant, and had taken a bond in the replevin proceeding, thinking that it was valid. The statute does not apply, therefore, to this case, the property not being in the possession of Cartledge at the time he went out of office, nor at any time since, so far as the record shows.

It follows that the judgment of the circuit court disallowing the motion was correct and should be affirmed. We do not deem it necessary to discuss any other of the propositions raised in the case.

Affirmed.