CAPERTON *et al. v.* WINSTON COUNTY FAIR ASS'N.

(Division B. April 2, 1934. Suggestion of Error Overruled April 30, 1934.)

[153 So. 801. No. 31157.]

Rodgers & Prisock and **E. M. Livingston**, all of Louis-ville, for appellants.

**R. W. Boydstun,** of Louisville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

An attachment was sued out in the court of a justice of the peace against a nonresident, transient defendant,

and the writ was levied by the constable upon an automobile belonging to the defendant. The nonresident defendant did not retake the property under a forthcoming bond, but demanded an immediate trial under section 2076, Code 1930; and upon the trial the verdict was for the defendant, and a judgment was entered discharging the attachment and releasing the property therefrom. The transient defendant was anxious to be on his way, and demanded that in obedience to the judgment his automobile be delivered over to him. The attorney for the plaintiff declined to state whether he expected to take an appeal; and, being of the opinion that he had no existing warrant by which he could legally hold the automobile, the attachment being dissolved, and no assertion being made by the plaintiff in attachment that an appeal would be taken, the constable, after waiting for what appeared to him to be a reasonable time, delivered the automobile to the owner thereof, who soon departed with it to another state.

Thereafter, and within the ten days allowed section 168, Code 1930, the plaintiff in attachment took an appeal to the circuit court, wherein, upon a trial de novo, the plaintiff prevailed and a special execution was issued to the sheriff; it being directed in the execution writ that demand be made upon the constable for the automobile. The sheriff returned that upon demand and upon search the property could not be found, whereupon a motion was made in the circuit court against the constable and his bondsmen for the recovery of the amount of the judgment and all costs because the constable had suffered the attached property to be redelivered as aforesaid. Upon the hearing of the motion, the circuit court gave judgment against the constable and his sureties, and they appeal.

It is evident that the motion against the constable and his bondsmen was made under section 3319, Code 1930. That section provides for instances grouped under three

heads in which a motion of this character may be made and entertained: (1) Where the officer has collected money under an attachment or execution and fails to pay it over; (2) where the officer fails to execute the process; and (3) where he "shall do or omit anything which would entitle the plaintiff to recover from the sheriff or other officer by any action the debt, damages, or costs in the execution mentioned." Manifestly the motion here is not maintainable under either of the first two headings. Looking then to the third heading, we find that the quoted language there is broad, but tha⁺ its generality is such as leaves its meaning in much obscurity.

In interpreting an obscure portion of a procedural statute, especially one which is penal in its nature, as is section 3319, we must do so in the light of the general principles of the procedural law upon the same subject, and adopt such a construction of the obscure language as will harmonize it with the general principles or general system to which it belongs. The general principles appertaining to motions are that it is the office of a motion to bring before the court some material incidental matter arising in the progress of the case for an interlocutory order thereon, that a motion is by and against the parties to the cause and the immediate officers of the court wherein the motion is made, and that it is not within the proper functions of a motion to conduct thereunder that which amounts to another major litigation. When new parties, including officers not officers of that court, are to be brought in, the general rule is that this must be done by amendment or petition as to other parties, and by petition as to other officers, so that the new parties or other officers may have opportunity to make formal answer to the amendment or petition.

Our conclusion is, therefore, that only an officer under duty to the court out of which the process has issued,

and under such duty at the time of the alleged default by the officer, is liable to be proceeded against by the summary motion under section 3319. If the officer be an officer of another court at the time of the alleged default, and at that time be under no duty to the court issuing the subsequent process, such an officer, if to be reached at all in the case in the other court, would have to be brought therein by petition, but the said statute makes no provision for a procedure thereunder by petition, and the court cannot enlarge such a statute by construction. Union Motor Car Co. v. Farmer, 161 Miss. 847, 853, 138 So. 579.

When the property was delivered by the constable to the defendant in attachment, no appeal had been taken, and no jurisdiction of the matter or of the parties or officers had then been brought into the circuit court. If the liability of the constable could be brought into review in the circuit court under a summary motion, such as was made herein, the result would be that his liability could be inquired into in that court in the same manner had the property been burned while in the hands of the constable even before the trial in the justice court, or had the automobile been wrecked and destroyed at any time after it came into his hands, under the levy of the attachment, and, if the issue be found against him, the officer of the other court so brought in would be liable, not only for the amount of the judgment, but for twenty-five per centum damages in addition. The statute cannot justly be made to extend back with its penalties to other officers over such an unlimited range of anterior events, but such an anterior liability must be tested under an independent action, and under plenary pleadings, and not by motion, and the penalties prescribed by section 3319 cannot be inflicted in the independent action.

Inasmuch as the circuit court had no jurisdiction to proceed by summary motion against the constable for the anterior alleged liability, the judgment must be re-

versed and the unauthorized motion on which it is founded must be dismissed. We intimate no opinion as to the liability of the constable in an independent action. When such an action is instituted and the full facts are developed therein, the question of his liability, if any, will then, for the first time, be before the court.

A motion was made in this court by the plaintiff in attachment to supplement the record by adding thereto the affidavit upon which the attachment was issued, it appearing that the affidavit was not included in the transcript sent by the justice of the peace to the circuit court, and hence is not in the transcript here. No objection was made on this point in the circuit court, and in making the motion aforesaid counsel must have overlooked the concluding paragraph of section 3403, Code 1930, which reads as follows: "And no judgment in any case originating in a justice court, or in a municipal court, and appealed to the circuit court, shall be reversed because it may appear in the Supreme Court transcript that the judgment or record of the said justice or municipal court was not properly certified or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court there shall be a conclusive presumption that the defects in this clause mentioned did not exist in the circuit court proceedings: Provided however, that the foregoing clause shall not apply to cases wherein a record in the Supreme Court of the transcript from the justice or municipal court is necessary to a fair understanding of the proceedings in the circuit court."

Reversed and dismissed.