LYLE NELSON, APPELLANT, v. CHARLES L. WOLFF, JR., WARDEN, NEBRASKA PENAL COMPLEX, APPELLEE.

206 N. W. 2d 563

Filed April 20, 1973. No. 38775.

T. Clement Gaughan and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Appellant, Lyle Nelson, prosecutes this appeal from the denial of a petition for a writ of habeas corpus. He predicates his claim to relief on his assumption that his State-imposed sentence ran concurrently with a prior-imposed federal sentence. We affirm.

Petitioner was convicted in the United States District Court for the District of South Dakota on October 7, 1966, for the offenses of interstate transportation of stolen cattle and conspiracy. He was sentenced to two 3-year terms which were to run concurrently. While these convictions were being appealed he was free on bond.

On October 31, 1966, the petitioner was sentenced to a term of 5 years in the District Court for Sheridan County, Nebraska, on a charge of cattle stealing. He was admitted to bail pending appeal. The judgment was affirmed. State v. Nelson (1967), 182 Neb. 31, 152 N. W. 2d 10. Petitioner did not enter the Nebraska Penal and Correctional Complex to serve his 5-year sentence until October 4, 1971.

From April 19, 1967, to approximately July 24, 1969, petitioner was serving a South Dakota sentence for breaking and entering and burglary. During August 1969, the petitioner was returned to the custody of the federal authorities to serve the federal sentences heretofore referred to. He was surrendered to the Nebraska authorities and began serving his Nebraska sentence on October 4, 1971.

Petitioner argues that because the Nebraska trial judge knew he had a federal sentence to serve and did not specify that the sentence was to be consecutive to the federal sentence, it must be construed to be concurrent with it. There is no merit to this contention unless we wish to ignore or overrule rules which have been well-established in this jurisdiction.

In State ex rel. Allen v. Ryder (1930), 119 Neb. 704, 230 N. W. 586, this court held: "When sentence is pronounced upon one already serving a sentence from

another court, the second sentence does not begin to run until the sentence which the prisoner is serving has expired, unless the court pronouncing the second sentence specifically states otherwise." See, also, Brott v. Fenton (1931), 120 Neb. 792, 235 N. W. 449.

We see no reason to overrule these cases herein, and affirm the judgment of the trial court.

AFFIRMED.