MICHAEL D. HARPSTER, APPELLANT, V. CHARLES L. BENSON, DIRECTOR, DEPARTMENT OF CORRECTIONAL SERVICES, ET AL., APPELLEES.

345 N.W.2d 335

Filed March 9, 1984. No. 83-569.

Michael D. Harpster, pro se.

Paul L. Douglas, Attorney General, and J. Kirk Brown and Linda L. Willard, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Michael D. Harpster filed an action for declaratory judgment (Neb. Rev. Stat. §§ 25-21,149 et seq. (Reissue 1979)) that Harpster's two sentences for felony convictions should run concurrently rather than consecutively. The Lancaster County District Court held Harpster's sentences ran consecutively. We affirm.

On March 28, 1977, Harpster, having been convicted by his guilty plea to a charge of larceny from the person, and being represented by counsel, was sentenced to the Nebraska Penal and Correctional Complex for a term of 1 to 3 years.

On December 2, 1977, Harpster, having been convicted by his guilty plea to a charge of robbery, and represented by counsel, was sentenced to the Nebraska Penal and Correctional Complex for a term of not less than 8 nor more than 10 years. The sentencing judge on the robbery charge was not the same judge who had sentenced Harpster on March

28 for the larceny conviction. The judge sentencing for the robbery conviction noted that Harpster was already an inmate in the Nebraska Penal and Correctional Complex, and made no pronouncement that the sentence for the robbery conviction ran concurrently with Harpster's sentence imposed in March 1977 regarding the larceny conviction.

After an evidentiary hearing regarding Harpster's petition, the district court for Lancaster County entered judgment that Harpster's sentences ran consecutively, and dismissed Harpster's petition.

For over 50 years Nebraska has maintained the following rule: When sentence is pronounced upon one already serving a sentence from another court, the second sentence does not begin to run until the sentence which the prisoner is serving has expired, unless the court pronouncing the second sentence specifically states otherwise. See, *State, ex rel. Allen, v. Ryder*, 119 Neb. 704, 230 N.W. 586 (1930); *Brott v. Fenton*, 120 Neb. 792, 235 N.W. 449 (1931); *Nelson v. Wolff*, 190 Neb. 141, 206 N.W.2d 563 (1973). The district court was correct in ruling that Harpster's sentences were consecutive.

In addition to questioning the correctness of the trial court's judgment that the two sentences ran consecutively, Harpster contends his consecutive sentences violate the "double jeopardy clause" of the fifth amendment to the U.S. Constitution, that is, his consecutive sentences resulted in an increased sentence for the first conviction after Harpster had begun to serve the initial term of his imprisonment. The effect of the two sentences is not an increase in Harpster's initial sentence. Rather, Harpster has received two separate sentences imposed by different judges for convictions of factually unrelated crimes. There is no merit to Harpster's question about the constitutionality of his consecutive sentences.

The judgment of the district court is affirmed.

AFFIRMED.