STATE OF NEBRASKA, APPELLEE, V. GARY ULRICH, APPELLANT.

351 N.W.2d 417

Filed July 6, 1984. No. 83-598.

Kenneth P. Weiner of Wall, Wintroub & Weiner, and Seymour Katz, P.C., for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

Appellant, Gary Ulrich, was charged in the county court for Cuming County with the offense of hunting with the aid of an artificial light attached to or used from a vehicle, Neb. Rev. Stat. § 37-501(2) (Reissue 1978), a Class III misdemeanor, and of operating a motor vehicle to avoid arrest, Neb. Rev. Stat. § 28-905(1) (Cum. Supp. 1982), a Class I misdemeanor. At arraignment in the county court appel-

lant pled guilty to count I, was assessed a fine of $250, and ordered to pay costs. Appellant pled not guilty to count II, and after trial he was found guilty and sentenced to a term of 15 days in the county jail and ordered to pay a fine of $250.

An appeal to the district court followed. Although not specifically found in the transcript or bill of exceptions, apparently the only issue raised was the sufficiency of the evidence to sustain the verdict. After review of the transcript and bill of exceptions, the district court affirmed the decision of the county court and again imposed the same fines and jail term as did the county court. In addition, the district court ordered the appellant not to drive a motor vehicle for any purpose for a period of 2 years. This appeal follows.

Appellant assigns as error: (1) The district court erred in increasing the valid sentence of the county court; and (2) The punishment for misdemeanor flight to avoid arrest, § 28-905(3) (mandatory suspension of motor vehicle operator's license for a period of 2 years), is greater than the penalty for felony flight and is therefore disproportionate and violative of the equal protection clause of the U.S. Constitution. We will discuss the assigned errors in order.

At the first hearing in the district court, the court affirmed the judgments and sentences of the county court. Shortly thereafter, its attention was called to the mandatory provision of § 28-905(3). The court thereupon vacated its order and imposed the additional penalty.

Appeals from the county courts in criminal matters are taken pursuant to Neb. Rev. Stat. § 29-613 (Reissue 1979), which provides as follows: "The district court shall hear and determine any cause brought by appeal from a county or municipal court upon the record, and may affirm, modify, or vacate the judgment, or may remand the case to the county or municipal court for a new trial."

Having properly vacated the prior erroneous judgment, the district court proceeded to redetermine the issues on appeal. The court affirmed the conviction and modified the erroneous sentence imposed by the county court which omitted the mandatory revocation of driver's license. The modification of the sentence was within the power of the district court pursuant to § 29-613.

In *State v. Shelby*, 194 Neb. 445, 447, 232 N.W.2d 23, 24 (1975), this court held as follows:

It is settled law that the District Court has the power to impose a lawful sentence where the one pronounced was erroneous or void as being beyond the power of the trial court to pronounce and where the accused himself has invoked appellate jurisdiction for the correction of error.

A similar proposition in the context of this court's power on direct appeal was relied on in *State v. Gaston*, 191 Neb. 121, 214 N.W.2d 376 (1974), wherein the court went on to explain that the rule applied with equal force when the correction of error resulted in the imposition of a greater sentence. See, also, *People v Wilson*, 111 Mich. App. 770, 315 N.W.2d 423 (1981).

The first assignment is without merit.

As to the second assignment of error, as recently as *State v. Olson*, ante p. 130, 347 N.W.2d 862 (1984), and *State v. Smyth*, ante p. 153, 347 N.W.2d 859 (1984), we said that a prerequisite to the consideration of constitutionality of a statute on appeal is the raising of the issue in the trial court. As we said in *State v. Hert*, 192 Neb. 751, 752-53, 224 N.W.2d 188, 189-90 (1974):

The issue of the constitutionality of a statute under which a defendant is prosecuted may be raised in a variety of ways, including demurrer, motion, and by plea of not guilty. 16 C.J.S., Constitutional Law, § 96, p. 343. However, we have long held that the issue must be specifically called to the trial court's attention in some way

so that it has an opportunity to rule upon it and that we will not ordinarily consider for the first time in this court the constitutionality of the statute.

As the constitutionality of the statute was not raised in the instant case at the district court level, the issue will not be considered here.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.