STATE OF NEBRASKA, APPELLEE, V. SCOTT A. REICHSTEIN,
APPELLANT.

447 N.W.2d 635

Filed November 3, 1989.   No. 88-943.

Calvin D. Hansen for appellant.

Robert M. Spire, Attorney General, and Terri M. Weeks for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal from the defendant-appellant's conviction under Neb. Rev. Stat. § 39-669.07(c) (Supp. 1987) of driving while his license was revoked pursuant to multiple convictions of driving while under the influence of alcohol.

On May 29, 1986, the defendant pled guilty to an information in the county court for Red Willow County charging him with his third offense of driving while intoxicated under § 39-669.07 (Cum. Supp. 1986). Section 39-669.07(3) (Cum. Supp. 1986) was applicable to the defendant because of his multiple convictions. That subsection, so far as is applicable

here, appears at § 39-669.07(c) (Supp. 1987), and states:

> If such person (i) has had two or more convictions under this subsection since July 17, 1982 . . . such person shall be guilty of a Class W misdemeanor, and the court shall . . . order such person not to drive any motor vehicle . . . for a period of fifteen years from the date of his or her conviction and shall order that the operator's license of such person be revoked for a like period.

On July 10, 1986, the county court for Red Willow County sentenced defendant as follows:

> IT IS THEREFORE ORDERED that the defendant be sentenced to pay a fine of $250 plus court costs of $51; be sentenced to serve 90 days in jail . . . and it is further ordered that the defendant not drive any motor vehicle in the State of Nebraska for any purpose for a period of five years and that his operator's license be revoked for a like period.

It is apparent that the sentence was erroneous and resulted in defendant's receiving a lesser sentence than required by the statute. First, Neb. Rev. Stat. § 28-106(1) (Cum. Supp. 1986) provides that the minimum fine for a third offense Class W misdemeanor is $500, and second, § 39-669.07(c) provides that the period of revocation shall be 15 years. The defendant's sentence for his third driving while intoxicated conviction included a revocation of his operator's license for 5 years, rather than for the 15 years mandated by the statute. If either the State or defendant had timely appealed from the erroneous sentence of July 10, 1986, the matter could have been corrected. See, *State v. Ulrich*, 217 Neb. 817, 351 N.W.2d 417 (1984); *State v. Gaston*, 191 Neb. 121, 214 N.W.2d 376 (1974). The sentence may not be corrected at this time, and the case must be decided on the facts before us.

On October 4, 1987, in Lancaster County, defendant was stopped by a police officer who saw that the pickup defendant was driving did not have a rear license plate. Upon investigation, the officer ticketed the defendant for driving under a suspended license. An information was filed alleging that defendant, "being a person whose Nebraska driver's license has been revoked pursuant to subdivision (c) of

subsection 4 of <u>Neb. Rev. Stat.</u> Section Number 39-669.07, [did] operate a motor vehicle on the street or highways of this state."

Defendant was convicted by a jury of violating § 39-669.07(c), which states in relevant part, "Any person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been revoked pursuant to subdivision (c) of this section shall be guilty of a Class IV felony."

As set out above, defendant was charged with operating a motor vehicle while his driver's license had been revoked under "subdivision (c) of subsection 4 of <u>Neb. Rev. Stat.</u> Section Number 39-669.07 . . . ." The jury was instructed in the same manner, and defendant requested instructions in the same language. We note that the statute's numbering system is not logically set out. "Subdivision (c)" is not a subdivision of "subsection 4," but subsections (a), (b), and (c), in addition to subsections (1), (2), (3), and (4), are subsections of § 39-669.07. The peculiar numbering does not mean that subsections (a), (b), and (c) refer only to subsection (4). The statutory references, in future cases, should be correctly stated. We recognize that this court has made similar improper references in past cases. There is no prejudice in this case from the numbering of the statute, because both the State and the defendant fully understood the charge and both used the identical improper reference.

The defendant's assignments of error allege that the trial court erred (1) in overruling the defendant's motion to quash the information, (2) in refusing to give defendant's requested jury instructions, and (3) in overruling defendant's motion for a directed verdict based on the insufficiency of the evidence.

Defendant's assignments of error are based upon the language in § 39-669.07(c) which directs the trial court to revoke the operator's license of a multiple offender for 15 years. Defendant argues that the offense of driving with a revoked license under § 39-669.07(c) requires proof not only of prior revocation of the defendant's license pursuant to that section, but also requires proof that the revocation was for 15 years as set out in the statute. We disagree and affirm the judgment of the trial court.

As set out above, the defendant was convicted of violating § 39-669.07(c), which proscribes a person from driving "while his or her operator's license has been revoked pursuant to subdivision (c) of this section . . . ." The statute makes reference to the fact of revocation pursuant to the statute, and not to the length of revocation pursuant to the statute. As we stated in *Hancock v. State ex rel. Real Estate Comm.*, 213 Neb. 807, 811, 331 N.W.2d 526, 529 (1983), "A penal statute is strictly construed, [and] nothing will be recognized, presumed, or inferred that is not expressed, unless necessarily or unmistakably implied in order to give effect to the statute." (Citations omitted.) The durational requirement argued for by the defendant is not necessary to give effect to the statute. It appears that the Legislature wished to punish persons who drive while their license is revoked pursuant to multiple drunken driving convictions, regardless of the duration of the revocation. The purpose of revocation is to keep those guilty of repeated drunk driving from operating a motor vehicle on Nebraska roadways. The purpose of the subsection under which defendant is charged is to deter people from ignoring the revocation. The section was intended to keep people like the defendant from driving, and not to restrict the trial courts in sentencing. The defendant argues only that the language of the statute refers to revocation and not conviction, and presents no rationale for including a durational element. We hold that revocation for 15 years is not an element of the offense of driving with a revoked license under § 39-669.07(c).

Defendant's reliance on *State v. Blankenfeld*, 229 Neb. 411, 427 N.W.2d 65 (1988), is misplaced. That case interpreted the language of § 39-669.07 as it existed in 1984. At that time the statute referred specifically to one operating a vehicle "while his or her operator's license has been permanently revoked . . . ." Section 39-669.07 was amended in 1986, and the reference to the duration of the revocation was removed from that sentence. *Blankenfeld* is distinguishable from this case.

In his first assignment, defendant contends that the trial court erred in not sustaining his motion to quash the information because the information failed to give the defendant notice of the essential elements of the offense

charged. As we stated in *State v. Golgert*, 223 Neb. 950, 953, 395 N.W.2d 520, 522-23 (1986), " ' "To charge a statutory offense, the information or complaint must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent." ' [Citations omitted.]" We also stated, " '[F]or an information to be sufficient it must "inform the accused, with reasonable certainty, of the charge being made against him in order that he may prepare his defense thereto and also be able to plead the judgment rendered thereon as a bar to a later prosecution of the same offense." ' [Citations omitted.]" *Id.* at 953, 395 N.W.2d at 523. There is no question that the information upheld by the trial court in this case used language equivalent to the statute and informed the accused with reasonable certainty of the charge being made against him. As discussed above, there was no need for the information to charge that the revocation pursuant to the driving while intoxicated statute was for 15 years, because it is not an element of the offense. Defendant's first assignment is without merit.

Defendant's second assignment of error pertains to the trial court's refusal to give two jury instructions requested by defendant. As we stated in *State v. Redding*, 213 Neb. 887, 891, 331 N.W.2d 811, 813 (1983), "[I]t is the duty of the trial court to instruct the jury on the correct law . . . ." The first jury instruction requested by the defendant and refused by the trial court contained the statement that the State was required to prove a 15-year revocation of defendant's operator's license. As discussed above, this was an incorrect statement of the law, and the instruction was rightfully refused by the trial court.

The second jury instruction requested by the defendant and refused by the trial court was a quote of § 39-669.07. The trial court gave the identical instruction, except the trial court deleted irrelevant subsections. The trial court's instruction contained all relevant portions of the statute. It is not error for the trial court to omit inapplicable portions of a statute in a jury instruction. *State v. Poulson*, 194 Neb. 601, 234 N.W.2d 214 (1975). The defendant incorrectly cites to the court a proposition of law that refusal by a trial court to give a requested instruction that correctly states the law is reversible

error. Failure to give a jury instruction only constitutes reversible error if there is prejudice to the defendant. See *Redding, supra*. There was no prejudice in this case, and the trial court correctly refused the defendant's instruction.

In his third assignment of error the defendant argues that there was insufficient evidence to support the defendant's conviction. This assignment is also based upon defendant's argument that revocation for 15 years is an element of the offense charged. The State was not required to prove that the revocation pursuant to § 39-669.07(c) was 15 years in duration. The defendant's third assignment of error is without merit.

The judgment and sentence of the district court are affirmed.

AFFIRMED.