STATE OF NEBRASKA, APPELLEE, V. JEFFREY DALE MCNERNY, APPELLANT.

479 N.W.2d 454

Filed January 31, 1992.   Nos. 90-1013, 90-1014.

Maurice A. Green, of Burger, Bennett & Green, P.C., for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

These purported appeals, consolidated in this court for argument and adjudication, arise from the determination of the district court judge that the sentences he imposed upon the defendant-appellant, Jeffrey Dale McNerny, in these two cases were to be served consecutively to the sentences said judge had imposed upon McNerny in two earlier cases. McNerny assigns the foregoing determination as error. We dismiss.

At a consolidated hearing held on March 18, 1987, McNerny was sentenced in one case to imprisonment for a period of not less than 1 nor more than 4 years for burglary and in the second case to like periods of imprisonment for another burglary and for an act of criminal mischief. These three sentences were ordered served concurrently with each other.

While on parole from those sentences, McNerny was sentenced, at a consolidated hearing held on November 13, 1987, in case No. 90-1013 to imprisonment for a period of 6 months because of yet another conviction for criminal mischief and in case No. 90-1014 to imprisonment for periods of not less than 2 nor more than 5 years on each of two additional convictions for burglary. These three sentences also were ordered served concurrently with each other. Nothing was said about the relationship between these sentences and those

imposed on March 18, 1987.

No appeals were taken from any of the foregoing sentences; however, on August 29, 1990, McNerny filed a motion in case No. 90-1013, seeking "an order clarifying the sentences handed down . . . at the November 13, 1987 sentencing hearing. Specifically . . . that the [district court judge] clarify as to whether the November 13, 1987 sentences shall run concurrent with or consecutive to the March 18, 1987 sentences . . . ." McNerny later filed an identical motion in case No. 90-1014.

At the hearing on those motions, McNerny asked the district court judge to "review the comments" he had made on November 13, 1987, and determine whether the sentences he imposed that day were "to run concurrent or to run consecutive to the prior order." The district court judge announced that "the sentence made in each case on November 13, 1987 was and were consecutive to the" sentences imposed on March 18.

We have ruled that a sentence validly imposed takes effect from the time it is pronounced, *State v. Foster, ante* p. 598, 476 N.W.2d 923 (1991), and that in the absence of a timely appeal, even an erroneous sentence cannot be corrected, *State v. Reichstein,* 233 Neb. 715, 447 N.W.2d 635 (1989).

Moreover, what the district court judge may have thought he meant by observing that McNerny might have to face a parole violation charge is of no consequence, for the meaning of a sentence is, as a matter of law, determined by the contents of the sentence itself. See, *Kerndt v. Ronan,* 236 Neb. 26, 458 N.W.2d 466 (1990); *Neujahr v. Neujahr,* 223 Neb. 722, 393 N.W.2d 47 (1986).

*Harpster v. Benson,* 216 Neb. 776, 777, 345 N.W.2d 335, 336 (1984), states: "When sentence is pronounced upon one already serving a sentence from another court, the second sentence does not begin to run until the sentence which the prisoner is serving has expired, unless the court pronouncing the second sentence specifically states otherwise." Accord, *Nelson v. Wolff,* 190 Neb. 141, 206 N.W.2d 563 (1973); *Brott v. Fenton,* 120 Neb. 792, 235 N.W. 449 (1931); *State, ex rel. Allen, v. Ryder,* 119 Neb. 704, 230 N.W. 586 (1930). It is true that, here, all the sentences were imposed by the same court; however, the focus of *Harpster, Allen, Brott,* and *Nelson* is on the fact that the

sentences in question were independent from each other in the sense that they were imposed at different times. Thus, the applicable rule is that unless the court imposing a later independent sentence specifically states otherwise at the time of its pronouncement, the later sentence is to be served consecutively to any earlier imposed sentence or sentences. The rule is otherwise where multiple sentences are imposed at the same time. In such event, unless the court specifically states otherwise at the time the sentences are pronounced, they run concurrently with each other. See, *Stewart v. Delgado*, 231 Neb. 401, 436 N.W.2d 512 (1989); *Culpen v. Hann*, 158 Neb. 390, 63 N.W.2d 157 (1954).

It is important to recognize, however, that trial finality with respect to the sentences at issue took place when the sentences were imposed. See *State v. Kramer*, 231 Neb. 437, 436 N.W.2d 524 (1989) (for purposes of appeal, trial finality achieved when sentence imposed). See, also, *State v. Foster, supra*; *In re Interest of Wolkow*, 206 Neb. 512, 293 N.W.2d 851 (1980). The district court thus lacked jurisdiction to entertain a motion to modify the sentences, for the office of a motion is not to initiate new litigation, but to bring before the court for ruling some material but incidental matter arising in the progress of the case in which the motion is filed. Jurisdiction over a motion is therefore dependent upon the court's having jurisdiction over the case in which the motion is filed. See, *North Shore Hospital v. McConico*, 39 Misc. 2d 1032, 242 N.Y.S.2d 402 (1963); *Morrison v. Patterson*, 221 Iowa 883, 267 N.W. 704 (1936); *Caperton v. Winston Co. Fair Ass'n*, 169 Miss. 503, 153 So. 801 (1934).

When a trial court lacks jurisdiction to adjudicate the merits of a claim, this court likewise lacks jurisdiction to do so. *Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal.*, 237 Neb. 1, 465 N.W.2d 111 (1991). Under such circumstances, we only have jurisdiction to dismiss the purported appeal. *Booker v. Nebraska State Patrol, ante* p. 687, 477 N.W.2d 805 (1991).

Accordingly, these purported appeals are dismissed.

APPEALS DISMISSED.