Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/31/2020 08:06 AM CST

STATE OF NEBRASKA, APPELLEE, V.
RANDY R. HARMS, JR., APPELLANT.
___ N.W.2d ___

Filed November 8, 2019.    No. S-18-1181.

1. **Sentences: Appeal and Error.** Whether a defendant is entitled to credit for time served and in what amount are questions of law. An appellate court reviews questions of law independently of the lower court.
2. **____: ____.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
3. **Sentences: Statutes.** The calculation and application of credit for time served is controlled by statute. Different statutes govern depending on whether the defendant is sentenced to jail or prison.
4. **Sentences.** Neb. Rev. Stat. § 47-503 (Reissue 2010) is intended to ensure that defendants receive all the credit against their jail sentence to which they are entitled—no less, and no more.
5. **Sentences: Prisoners: Time.** When sentence is pronounced upon one already serving a sentence from another court, the second sentence does not begin to run until the sentence which the prisoner is serving has expired, unless the court pronouncing the second sentence specifically states otherwise. Thus, the applicable rule is that unless the court imposing a later independent sentence specifically states otherwise at the time of its pronouncement, the later sentence is to be served consecutively to any earlier imposed sentence or sentences.
6. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
7. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
8. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court

     must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

  9. **Sentences.** In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

10. \_\_\_\_. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Seward County: JAMES C. STECKER, Judge. Affirmed.

Nicole J. Tegtmeier, Seward County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ.

STACY, J.

Randy R. Harms, Jr., was convicted of attempted possession of burglar's tools, a Class I misdemeanor,[1] and was sentenced to 1 year in jail with credit for 23 days served. Harms appeals, arguing his sentence was excessive and claiming he was entitled to additional jail credit. Finding no error, we affirm.

## FACTS

### 2015 CONVICTIONS IN DAWSON COUNTY

In 2015, Harms was convicted of multiple felony and misdemeanor charges in Dawson County, Nebraska, and was

---

[1] See Neb. Rev. Stat. §§ 28-201 and 28-508 (Reissue 2016).

sentenced to a total of 40 to 120 months in the custody of the Nebraska Department of Correctional Services (DCS). Harms was released on parole in March 2018.

### 2018 Conviction in Seward County

Approximately 2 months later, on May 28, 2018, Harms was arrested in Seward County, Nebraska, and charged with one count of possession of burglar's tools, a Class IV felony.[2] He was lodged in the Seward County jail, and his bond was set at "$10,000—10%."

A few weeks later, Harms sent a jail "kite" form to the district court asking to "put in for a PR Bond." Harms stated that his parole had been revoked and that he wanted to return to DCS custody, where he felt his access to medications and medical treatment would be better than in the Seward County jail. After a hearing on June 20, 2018, Harms was allowed to swear to a personal recognizance bond and was released from the Seward County jail directly into DCS custody.

Harms ultimately pled no contest to attempted possession of burglar's tools, a Class I misdemeanor.[3] On November 19, 2018, he was sentenced to 1 year in the Seward County jail and was ordered to pay $2,000 in restitution upon his release. Harms was given credit for 23 days served. Harms asked the court to give him additional credit against his jail sentence for the 150 days he spent in DCS custody after he was released on bond from the Seward County jail. The court denied his request.

Harms filed this timely appeal, which we moved to our docket on our own motion.

### ASSIGNMENTS OF ERROR

Harms assigns, restated, that the district court erred by (1) awarding him insufficient credit for time served against his jail sentence and (2) imposing an excessive jail sentence.

---

[2] § 28-508.

[3] See §§ 28-201 and 28-508.

## STANDARD OF REVIEW

[1] Whether a defendant is entitled to credit for time served and in what amount are questions of law.[4] An appellate court reviews questions of law independently of the lower court.[5]

[2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[6]

## ANALYSIS

### CREDIT FOR TIME SERVED

Harms contends the district court erred in granting him only 23 days of credit against his 1-year jail sentence. He argues he should have been given credit for 173 days—a figure he arrives at by adding together the 23 days he spent in the Seward County jail and the 150 days he spent in the custody of DCS before being sentenced in the instant case.

[3] In Nebraska, the calculation and application of credit for time served is controlled by statute.[7] Different statutes govern depending on whether the defendant is sentenced to jail or prison.[8] Neb. Rev. Stat. § 47-503 (Reissue 2010) governs the credit to be given against a city or county jail sentence and provides in relevant part:

> (1) Credit against a jail term shall be given to any person sentenced to a city or county jail for time spent in jail as a result of the criminal charge for which the jail term is imposed or as a result of conduct upon which such charge is based. Such credit shall include, but not be limited to, time spent in jail:
> (a) Prior to trial;
> (b) During trial;

---

4 *State v. Phillips*, 302 Neb. 686, 924 N.W.2d 699 (2019).

5 *State v. Hunnel*, 290 Neb. 1039, 863 N.W.2d 442 (2015).

6 *State v. Steele*, 300 Neb. 617, 915 N.W.2d 560 (2018).

7 *State v. Bree*, 285 Neb. 520, 827 N.W.2d 497 (2013).

8 See *id*.

(c) Pending sentence;

(d) Pending resolution of an appeal; and

(e) Prior to delivery of such person to the county board of corrections or, in counties which do not have a county board of corrections, the county sheriff.

A different statute, Neb. Rev. Stat. § 83-1,106 (Reissue 2014), governs the credit to be given against a prison sentence ordered to be served in the custody of DCS. The statutes are similar in many respects, but because Harms was sentenced to a term of imprisonment in the county jail, and not DCS, the credit to which Harms is entitled is governed by § 47-503, not § 83-1,106.

Section 47-503(1) authorizes credit for "time spent in jail as a result of the criminal charge for which the jail term is imposed or as a result of conduct upon which such charge is based." Here, the record confirms Harms spent a total of 23 days in jail on the criminal charge of possession of burglar's tools. The sentencing court gave Harms credit for those 23 days, but Harms contends he was entitled to more.

He asserts that after bonding out of jail on the Seward County charge, he returned immediately to DCS custody on the parole violation. He argues his parole on the Dawson County sentences was revoked "as a result of" the conduct upon which the Seward County charges were based, and he contends he is thus entitled to receive credit against his 1-year jail sentence for the time he spent in DCS custody. We disagree.

After Harms bonded out of jail on the Seward County charge of possession of burglar's tools, he was no longer "in jail as a result of the criminal charge for which the jail term [was] imposed or as a result of conduct upon which such charge [was] based." He was, instead, in DCS custody completing felony sentences on different convictions out of Dawson County. It may be true that his parole on the Dawson County sentences was revoked because his criminal conduct in Seward County also amounted to a violation of his parole, but Harms was in DCS custody on the Dawson County sentences, and he was

receiving credit against those sentences. Section 47-503 does not authorize presentence credit against a jail sentence for time spent in DCS custody serving a separate sentence.[9]

[4] Section 47-503 is intended to ensure that defendants receive all the credit against their jail sentence to which they are entitled—no less, and no more.[10] By giving Harms credit for the 23 days he spent in jail as a pretrial detainee on the Seward County charge, the sentencing court gave Harms all the jail credit to which he was entitled under § 47-503.

Further, we note that if Harms were given credit against both his DCS sentence and his jail sentence for the 150 days he spent in DCS custody, the result would be that some of his jail sentence on the Seward County conviction would be served concurrently with his prison sentences on the Dawson County convictions. But the sentencing court did not order the jail sentence to be served concurrently with any portion of the prison sentences Harms was already serving out of Dawson County.

[5] "'When sentence is pronounced upon one already serving a sentence from another court, the second sentence does not begin to run until the sentence which the prisoner is serving has expired, unless the court pronouncing the second sentence specifically states otherwise.'"[11] Thus, the applicable rule is that unless the court imposing a later independent sentence specifically states otherwise at the time of its pronouncement, the later sentence is to be served consecutively to any earlier imposed sentence or sentences.[12] For the sake of completeness,

---

[9] Accord *State v. Leahy*, 301 Neb. 228, 234-35, 917 N.W.2d 895, 900 (2018) (recognizing that "if a defendant is serving a sentence on a conviction for one offense while awaiting trial and sentencing on an unrelated offense, he or she is not entitled to credit for time served on the sentence for the unrelated offense").

[10] *State v. Clark*, 278 Neb. 557, 772 N.W.2d 559 (2009).

[11] *State v. McNerny*, 239 Neb. 887, 889, 479 N.W.2d 454, 456 (1992), quoting *Harpster v. Benson*, 216 Neb. 776, 345 N.W.2d 335 (1984).

[12] *McNerny, supra* note 11.

we point out the rule is otherwise where multiple sentences are imposed at the same time. In such event, unless the court specifically states otherwise at the time the sentences are pronounced, they run concurrently with each other.[13]

Here, the district court sentenced Harms while he was still serving the prison sentences on his Dawson County convictions. Because the district court did not specifically state that Harms' jail sentence was to be served concurrently with his earlier prison sentences, it must be served consecutively. Harms may not use the jail credit statutes to accomplish indirectly what the district court did not order specifically.

### Sentence Not Excessive

Attempted possession of burglar's tools is a Class I misdemeanor,[14] punishable by a maximum of 1 year's imprisonment, a $1,000 fine, or both.[15] Harms' 1-year jail sentence was thus within the statutory limits.

[6,7] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[16] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[17]

Harms argues the district court abused its discretion, because "a thorough examination of the record regarding the circumstances and background of [his] life fails to establish a basis" for imposing the maximum allowable sentence.[18] We disagree.

---

[13] *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014); *McNerny, supra* note 11.

[14] §§ 28-201 and 28-508.

[15] Neb. Rev. Stat. § 28-106 (Reissue 2016).

[16] *Steele, supra* note 6.

[17] *State v. Erickson*, 281 Neb. 31, 793 N.W.2d 155 (2011).

[18] Brief for appellant at 15.

When sentencing Harms, the court referenced his extensive criminal history, the circumstances of his crime, and his high risk to reoffend:

> I have reviewed the presentence investigation report. You're 41 years of age. You have a GED. At the current time, you have no employment due to your incarceration, other than the employment within the facility.
>
> You have an extensive prior record, including four DUIs, four assaults, two possession of controlled substances, four driving under revocation or driving under suspension, two criminal mischief, one terroristic threat, one violation of a protection order, theft. You've been to prison three times and to jail at least ten times.
>
> Your LS/CMI indicates a high risk to re-offend. The nature of this offense involved you being present where wire was stolen from a pivot, and there's over $35,000 in damage that was caused.
>
> The Court does not understand how you can claim to have no responsibility for what occurred when you're out there at the point where these thefts were taking place. Why would you be out there with burglar's tools if you weren't participating?
>
> The Court does not find that you're a fit candidate for probation. A lesser sentence would depreciate the seriousness of your crime or promote disrespect for the law. There is a substantial risk that during a period of probation you would engage in additional criminal conduct.
>
> For the conviction of attempted possession of burglar's tools, a Class I misdemeanor, you're sentenced to one year in the Seward County Jail.

[8-10] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be

imposed.[19] In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[20] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[21]

Here, the record demonstrates the court considered all of the relevant sentencing factors and clearly articulated its rationale for imposing the 1-year jail sentence. We find no abuse of discretion in the sentence imposed.

### CONCLUSION

For the foregoing reasons, the judgment and sentence of the district court is affirmed.

Affirmed.

Freudenberg, J., not participating.

---

[19] *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

[20] *Id.*

[21] *Id.*