IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. WIGGINS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHAY A. WIGGINS, APPELLANT.

Filed February 4, 2020.    No. A-19-859.

Appeal from the District Court for Thayer County: VICKY L. JOHNSON, Judge. Affirmed as modified.

Benjamin H. Murray, of Murray Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Chay A. Wiggins appeals his plea-based conviction of attempted second degree assault. On appeal, Wiggins contends that the district court abused its discretion in imposing an excessive sentence and in failing to award him sufficient credit for time served. For the reasons set forth herein, we affirm as modified.

### STATEMENT OF FACTS

Wiggins was originally charged with one count of first degree assault, a Class II felony; three counts of second degree assault, Class IIA felonies; and one count of domestic assault, a Class IIA felony. Pursuant to a plea agreement, Wiggins pled no contest to attempted second degree assault, a Class IIIA felony. See Neb. Rev. Stat. §§ 28-201 and 28-309 (Reissue 2016). As part of the plea agreement, the State dismissed the remaining charges. The State presented a factual

- 1 -

basis which provided that on May 14, 2018, shortly before 11 p.m., law enforcement officers received a call from residents asking to remove an intoxicated person from their home in Hebron, Nebraska. Officers responded and determined that Wiggins was "extremely intoxicated" due to "his inability to stand, and his speech, and his obnoxious and belligerent attitude." Although officers discussed removing Wiggins from the home and placing him at a motel room for the night, it was determined that Wiggins would attempt to return to the home, so officers allowed Chelsea Boyce to transport him back to Wiggins' mother's home in Kearney. En route to Kearney, Wiggins grabbed the steering wheel and yanked it, resulting in a rollover accident. Boyce was ejected from the vehicle, the vehicle rolled over on her, and she had to be life-flighted to Lincoln. Boyce spent an extended amount of time recovering from her injuries which included two broken collarbones, multiple broken ribs, a severe laceration to her leg, severe burns to her abdominal wall, and a scalp hematoma. Two other passengers were transported to the hospital and examined.

At the sentencing hearing, the district court stated that it had considered the nature and circumstances of the offense, Wiggins' prior criminal history, and his lack of cooperation with probation "until the last minute." The court determined that Wiggins was not a fit candidate for probation and sentenced Wiggins to 2 years' imprisonment followed by 12 months' postrelease supervision. Wiggins was credited with 108 days previously served.

## ASSIGNMENTS OF ERROR

On appeal, Wiggins contends that the district court abused its discretion in imposing an excessive sentence and in failing to award him sufficient credit for time served.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Harms*, 304 Neb. 441, 934 N.W.2d 850 (2019).

Whether a defendant is entitled to credit for time served and in what amount are questions of law. *Id*. An appellate court reviews questions of law independently of the lower court. *Id*.

## ANALYSIS

### EXCESSIVE SENTENCE

Wiggins first contends that the sentence imposed was an abuse of discretion. Wiggins was convicted of a Class IIIA felony. He was sentenced to 2 years' imprisonment followed by 12 months' postrelease supervision which is within the statutory sentencing range for Class IIIA felonies which are punishable by 0 to 3 years' imprisonment followed by 9 to 18 months' postrelease supervision if imprisonment is imposed and/or a $10,000 fine. See Neb. Rev. Stat. § 28-105 (Reissue 2016).

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Wofford*, 298 Neb. 412, 904 N.W.2d 649 (2017). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the

nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id.*

At the time that the presentence investigation report (PSR) was prepared, Wiggins was 30 years old. Wiggins failed to report to the probation office to complete his probation interview resulting in a PSR that contains limited information. Wiggins' criminal history includes convictions for domestic violence, obstructing a police officer, assault by mutual assent, criminal mischief, and disturbing the peace. Additionally, Wiggins has subsequent arrests for third degree domestic assault and strangulation which were pending at the time of the preparation of the PSR and for which there was an active warrant for Wiggins' arrest. The PSR further reflected that Wiggins had previously received a 12-month sentence of probation for which he received an unsatisfactory release. The probation officer further noted that Wiggins' failure to comply with the PSR process demonstrated his lack of compliance with authority.

Additionally, Wiggins received a substantial benefit from the plea agreement in which the charged offense was reduced from a Class IIA felony to a Class IIIA felony and the State dismissed a Class II felony (first degree assault) and three Class IIA felonies (two counts of second degree assault and one count of domestic assault).

Based upon the factors that the sentence imposed was within the statutory sentencing range, Wiggins' age, his criminal history including his commission of subsequent offenses, his failure to report to the probation office for his interview to complete the PSR, the substantial benefit he received from his plea agreement, the seriousness of the offense and the injuries caused to the victim, and his previous failure to successfully complete a term of probation, the sentence imposed was not an abuse of discretion. This assignment of error fails.

CREDIT FOR TIME SERVED

Next, Wiggins contends that the district court committed plain error by mistakenly giving him credit for 108 days served when he should have been given credit for 187 days served.

Plain error may be found on appeal when an error unasserted or uncomplained of at trial is plainly evident from the record, affects a litigant's substantial right, and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019).

Here, the PSR reflected that Wiggins had been in custody from July 5, 2018, until January 8, 2019, but mistakenly noted that the total number of days in that time period was 108 days. The district court, apparently relying on that calculation, awarded Wiggins 108 days' credit for time served. The actual number of days in the time period from July 5, 2018, until January 8, 2019, is 187 days. Since 187 days is the actual number of days of credit to which Wiggins is entitled, we modify his sentence to reflect an award of 187 days' credit for time served. See *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015) (addressing as plain error and modifying sentencing order to reflect proper credit for time served).

## CONCLUSION

We affirm Wiggins' sentence as modified to correct plain error in the award of the credit for time served. The sentencing order shall be modified to state that Wiggins is entitled to credit for time served in the amount of 187 days for time already served.

AFFIRMED AS MODIFIED.