STATE OF NEBRASKA, APPELLEE, V.
ELMORE HUDSON, JR., APPELLANT.

708 N.W.2d 602

Filed December 9, 2005.   No. S-05-089.

Brian S. Munnelly for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

This is an appeal from an order denying a motion for postconviction relief without an evidentiary hearing. We conclude that appellant, Elmore Hudson, Jr., is entitled to an evidentiary hearing on certain issues raised in his postconviction motion, and we therefore reverse, and remand to the district court for further proceedings.

## BACKGROUND

Following a jury trial in the district court for Douglas County, Hudson was convicted of first degree murder, attempted second degree murder, and two counts of use of a deadly weapon to commit a felony. He was sentenced to life imprisonment for the first degree murder conviction, 30 years' imprisonment for the attempted second degree murder conviction, and 20 years' imprisonment for each of the two weapons convictions, with all sentences to be served consecutively. The district court credited Hudson with 692 days served, but applied the credit against the life sentence only.

Hudson's trial counsel represented him on direct appeal. He assigned error by the district court in (1) denying Hudson's motion for new trial based upon an alleged improper communication between the trial judge and the jury concerning the length of time for deliberation; (2) denying Hudson's motion to dismiss based upon the State's alleged failure to prove that he caused the victim's death; and (3) receiving, over Hudson's objection, the testimony of an expert witness called by the State. We did not reach the issue of whether there was an improper communication between the trial court and the jury, reasoning that because Hudson "did not move for a mistrial based upon the alleged improper communication, he cannot now complain of an unfavorable verdict." *State v. Hudson*, 268 Neb. 151, 167-68, 680 N.W.2d 603, 616 (2004). We found no merit in the remaining assignments of error and affirmed the convictions and sentences. *Id.*

Following our resolution of his direct appeal, Hudson filed a pro se motion for postconviction relief in the district court for Douglas County. He subsequently filed a motion to supplement his original motion with additional allegations. Although Hudson's pleading is not artful, we conclude that it can be fairly read to raise two postconviction claims, both based upon the performance of counsel. First, Hudson alleges that counsel was ineffective in failing to object to the manner in which the district court awarded credit for time served and in failing to preserve the alleged error and raise it on appeal. Second, Hudson alleges that counsel was ineffective in failing to file the appropriate motion in the district court with respect to the alleged improper communication with the jury so as to preserve the issue for appeal. Neither claim is procedurally barred because Hudson was represented by the same attorney at trial and on direct appeal. See *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004).

Without stating its reasons or conducting an evidentiary hearing, the district court denied Hudson's claims for postconviction relief and denied his motion to supplement his original motion. After Hudson filed a notice of appeal, the district court sustained his motion for appointment of counsel to represent him for purposes of this appeal.

## ASSIGNMENTS OF ERROR

Hudson assigns that the district court erred in denying him an evidentiary hearing on his motion for postconviction relief and in denying his motion to supplement the motion for postconviction relief.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003); *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002).

## ANALYSIS

The Nebraska Postconviction Act is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995); *State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004); *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002). An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. When such an allegation is made, an evidentiary hearing may be denied only when the records and files affirmatively show that the defendant is entitled to no relief. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005); *State v. McHenry*, *supra*; *State v. Gonzalez-Faguaga*, *supra*.

The Sixth Amendment to the U.S. Constitution guarantees every criminal defendant the right to effective assistance of counsel. *State v. Narcisse*, 260 Neb. 55, 615 N.W.2d 110 (2000). Hudson has made factual allegations of a denial of his Sixth Amendment right to effective counsel. Because the district court did not conduct an evidentiary hearing, the narrow issue before us is whether the trial record affirmatively establishes that Hudson is not entitled to postconviction relief.

We conclude that the trial record in this case does not affirmatively establish that Hudson is not entitled to postconviction relief. The trial court's application of credit for time served

solely against Hudson's life sentence appears to be in direct conflict with *State v. Ildefonso*, 262 Neb. 672, 634 N.W.2d 252 (2001), in which we held that a defendant who received a sentence of life imprisonment for first degree murder and a consecutive sentence of 40 to 45 years' imprisonment for use of a firearm was entitled to credit for time served against the consecutive sentence. See, also, *State v. Mantich*, 249 Neb. 311, 543 N.W.2d 181 (1996). It is apparent from the trial record that Hudson's counsel did not raise this issue at the time of his sentencing, and the record is silent as to his reasons, if any, for not doing so. The issue was not raised on direct appeal. Thus, the files and records do not affirmatively show that Hudson is entitled to no postconviction relief on this claim.

The same is true with respect to Hudson's claim that his counsel was ineffective in responding to the allegedly improper communication between the trial judge and the jury. We note that the district court did not conduct an evidentiary hearing on this issue during the pendency of the criminal case, either at the time it was first raised by Hudson's counsel prior to return of the verdict, or when the issue was raised in his motion for new trial. Compare *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002). The transcript includes written questions which the jury transmitted during its deliberations and the court's written responses, but the communication which is the subject of Hudson's postconviction motion is not reflected on that document. The only information in the record concerning this event comes from a transcribed colloquy between Hudson's counsel and the trial judge prior to return of the verdict, in which each recited their understanding or recollection of what occurred. This record does not affirmatively show that Hudson is not entitled to postconviction relief.

## CONCLUSION

For the reasons discussed herein, we conclude that the district court erred in denying Hudson's claims for postconviction relief without an evidentiary hearing. We therefore reverse, and remand with directions to hold an evidentiary hearing on the two claims of ineffective assistance of counsel discussed herein.

REVERSED AND REMANDED WITH DIRECTIONS.