STATE OF NEBRASKA, APPELLEE, V.
ELMORE HUDSON, JR., APPELLANT.

727 N.W.2d 219

Filed February 2, 2007. No. S-06-432.

Brian S. Munnelly for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Elmore Hudson, Jr., was convicted of first degree murder, attempted second degree murder, and two counts of use of a deadly weapon to commit a felony. Following this court's affirmance of his convictions on direct appeal, *State v. Hudson*, 268 Neb. 151, 680 N.W.2d 603 (2004) (*Hudson I*), Hudson filed a motion for postconviction relief. The district court for Douglas County denied Hudson's claims for postconviction relief without an evidentiary hearing. Hudson appealed to this court. We reversed, and remanded with directions to hold an evidentiary hearing on two claims of ineffective assistance of counsel which we specified in our opinion, *State v. Hudson*, 270 Neb. 752, 708 N.W.2d 602 (2005) (*Hudson II*).

On remand, Hudson sought leave to file an amended motion for postconviction relief. The proposed amended motion for postconviction relief included further allegations with regard to the two claims of ineffective assistance of counsel identified in *Hudson II*. In addition, Hudson sought leave to assert allegations which would raise additional claims. The district court granted leave to amend the allegations in the postconviction motion with respect to the two claims but overruled the motion with respect to the assertion of additional claims. Hudson appeals the district court's order denying leave to amend his motion for postconviction relief. We dismiss the appeal for lack of jurisdiction.

## STATEMENT OF FACTS

Hudson was convicted of first degree murder, attempted second degree murder, and two counts of use of a deadly weapon to commit a felony. He was sentenced to life imprisonment for the first degree murder conviction, to 30 years' imprisonment for the attempted second degree murder conviction, and to 20 years' imprisonment for each of the two weapons convictions. Hudson's trial counsel represented him on direct appeal. We affirmed Hudson's convictions. *Hudson I.*

Following our decision in *Hudson I*, Hudson filed a pro se motion for postconviction relief in district court, which motion

was denied without an evidentiary hearing. Hudson appealed to this court, and counsel was appointed to represent him on appeal. We determined that Hudson's pleading could be fairly read to raise two postconviction claims of ineffective assistance of counsel. In the first claim, Hudson alleged that counsel was ineffective in failing to object to the manner in which the district court awarded credit for time served and in failing the preserve the alleged error and raise it on appeal. In the second claim, Hudson alleged that counsel was ineffective in failing to file the appropriate motion in the district court with respect to an alleged improper communication with the jury and in therefore failing to preserve the issue for appeal. We concluded that neither claim was procedurally barred because Hudson was represented by the same counsel at trial and on direct appeal. We further concluded that the files and records did not affirmatively show that Hudson was entitled to no postconviction relief on either claim and that the two claims should not have been denied without an evidentiary hearing. We therefore reversed the denial of Hudson's motion for postconviction relief without an evidentiary hearing and remanded the cause to the district court with directions to hold an evidentiary hearing on the two claims of ineffective assistance of counsel. *Hudson II.*

On remand, on February 16, 2006, Hudson filed a motion for leave to file an amended motion for postconviction relief. The amended motion included further allegations regarding the two claims of ineffective assistance of counsel noted in *Hudson II.* The amended petition also sought to add allegations which, if permitted, would raise additional claims. The proposed additional claims included allegations that trial counsel provided ineffective assistance in failing to present an alibi defense, failing to object to certain hearsay testimony, failing to request a preliminary hearing after the original charges were amended to first degree murder, failing to file a motion to recuse the trial judge on grounds of bias and prejudice, failing to challenge expert testimony presented by the State, and failing to raise all federal constitutional issues on direct appeal in order to preserve such issues for federal habeas corpus relief. Hudson also alleged that the prosecutor allowed false testimony to go uncorrected.

Before the court ruled on Hudson's motion for leave to amend, the State filed a partial motion to dismiss for failure to state a

claim. The State argued that Hudson was procedurally barred from amending the motion for postconviction relief to add claims not previously included and outside the mandate of this court. The State's motion was not directed at the two claims of ineffective assistance of counsel noted and remanded in *Hudson II*; instead, the State sought the dismissal of the additional claims which Hudson sought leave to assert.

A hearing was held on March 22, 2006. In an order filed July 11, the district court sustained in part and overruled in part Hudson's motion for leave to file an amended motion for postconviction relief. The district court permitted the amendments with respect to the two claims noted in *Hudson II*. However, the court overruled the motion with respect to Hudson's effort to amend the motion for postconviction relief to add additional claims. The July 11 order also states that the State's motion to dismiss the additional claims was granted. Hudson appeals the order filed July 11.

## ASSIGNMENT OF ERROR

Hudson asserts that the district court erred in overruling his motion to amend his motion for postconviction relief to the extent he was denied leave to add additional claims.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. Dunlap*, 271 Neb. 314, 710 N.W.2d 873 (2006).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). For an appellate court to acquire jurisdiction of an appeal, there must be a final judgment or final order entered by the tribunal from which the appeal is taken. *State v. Vela*, 272 Neb. 287, 721 N.W.2d 631 (2006). The State argues that the July 11, 2006, order in this case is an order denying leave to amend and is not a final judgment or final, appealable order. We agree.

Because the district court's July 11, 2006, order from which this appeal is taken purported to rule on both Hudson's motion to amend his motion for postconviction relief as well as the State's

motion to dismiss Hudson's proposed additional claims, we must, as an initial matter, clarify the legal significance of the July 11 order. In this case, leave to amend to add additional claims was denied in the July 11 order, and therefore, the State's motion to dismiss such additional claims was not addressed to existing claims and was not warranted. Therefore, the portion of the court's July 11 order granting the State's motion to dismiss is a nullity. In view of the foregoing, we analyze this appeal as one from an order denying leave to file additional claims in a pending postconviction case, and, as explained below, we find jurisdiction is lacking.

This postconviction case is brought under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1995), and we note that under § 29-3002, an appeal may be taken from an order which sustains or overrules a motion for postconviction relief. Specifically, § 29-3002 addresses appeals in postconviction actions and provides in part, "An order sustaining or overruling a motion filed under sections 29-3001 to 29-3004 shall be deemed to be a final judgment, and an appeal may be taken from the district court as provided for in appeals in civil cases." We have held in postconviction cases that an appeal may be taken from an order granting an evidentiary hearing on some issues and denying a hearing on others. See, *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004); *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). An order denying an evidentiary hearing on a postconviction claim is effectively an order overruling a motion for postconviction relief as to that claim, and the order is therefore a "final judgment" as to such claim under § 29-3002. But an order overruling a motion for leave to amend to assert additional claims is not a ruling on the merits of the proposed claim and is not in substance an order overruling a motion for postconviction relief as to such claims; instead, it is an order precluding the assertion of additional claims rather than an order denying the claims themselves. We therefore conclude that an order ruling on a motion filed in a pending postconviction case seeking to amend the postconviction motion to assert additional claims is not a final judgment and is not appealable under § 29-3002.

We further note that in cases outside the postconviction context, we have stated that an order overruling a motion for leave to amend a petition to assert a new cause of action is not ordinarily

a final, appealable order. *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003); *Knoell Constr. Co., Inc. v. Hanson*, 208 Neb. 373, 303 N.W.2d 314 (1981). We apply the reasoning in these cases and conclude in the present case that although a postconviction action is a special proceeding, see *Harris, supra*, and *Silvers, supra*, the resolution of a motion to amend the postconviction motion to assert additional claims does not affect a substantial right and is not a final order under Neb. Rev. Stat. § 25-1902 (Reissue 1995).

The July 11, 2006, order that Hudson seeks to appeal was an order partially overruling Hudson's motion for leave to amend his motion for postconviction relief for the purpose of asserting additional claims. We conclude that the July 11 order in this case is not a "final judgment" under § 29-3002 and not a final, appealable order and that therefore, this court lacks jurisdiction to consider Hudson's appeal.

## CONCLUSION

We conclude that the July 11, 2006, order denying leave to amend the postconviction motion from which Hudson seeks to appeal is not a "final judgment" under § 29-3002 and is not a final, appealable order. We, therefore, dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.