Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/09/2016 09:08 AM CST

State of Nebraska, appellant, v.
Sydney L. Thieszen, appellee.

___ N.W.2d ___

Filed December 9, 2016.    No. S-16-004.

1. **Jurisdiction: Appeal and Error.** The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court.
2. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.
5. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.
6. **Postconviction: Final Orders: Appeal and Error.** A postconviction proceeding is a special proceeding for appellate purposes.
7. **Postconviction: Final Orders: Sentences.** An order vacating a sentence in a postconviction proceeding is a final order.
8. **Constitutional Law: Courts.** Upon questions involving the interpretation of the U.S. Constitution, the decision of the U.S. Supreme Court is the supreme law, by which state courts are bound.

Appeal from the District Court for York County: James C. Stecker, Judge. Affirmed and remanded for resentencing.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and Corey M. O'Brien for appellant.

Jeffery A. Pickens, of Nebraska Commission on Public Advocacy, for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Kelch, J.

## NATURE OF CASE

Sydney L. Thieszen was 14 years old when he murdered his 12-year-old sister in 1987. Thieszen was convicted of first degree murder and sentenced to life imprisonment. In June 2013, Thieszen filed a motion for postconviction relief, alleging that his sentence was cruel and unusual punishment in light of the U.S. Supreme Court decision in *Miller v. Alabama*.[1] The district court granted Thieszen's motion, and the State appeals.

## BACKGROUND

Thieszen was charged by information with one count of murder in the first degree and one count of use of a deadly weapon to commit a felony. Thieszen pled guilty to one count of murder in the second degree and one count of use of a firearm to commit a felony. At the time of his convictions, the crime of murder in the second degree was punishable by 10 years' to life imprisonment. Thieszen was given maximum sentences for both crimes: life imprisonment for the murder conviction and a consecutive term of 80 to 240 months' imprisonment for the use of a firearm conviction.

---

[1] *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

In 1995, Thieszen's convictions were vacated due to the omission of the element of "malice" in his murder charge. Thereafter, a jury trial was conducted, and Thieszen was convicted of first degree murder and use of a firearm to commit a felony. Thieszen was again sentenced to life imprisonment for the murder conviction and a consecutive term of 80 to 240 months' imprisonment for the use of a firearm conviction.

On June 19, 2013, Thieszen filed a motion for postconviction relief, claiming that the life imprisonment sentence he received as a result of his first degree murder conviction was cruel and unusual punishment in light of the U.S. Supreme Court decision in *Miller v. Alabama*. In *Miller v. Alabama*, the U.S. Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[2]

The district court found that Thieszen's life sentence was clearly within the parameters of the holding of *Miller v. Alabama*; that based on this court's subsequent jurisprudence,[3] the rule in *Miller v. Alabama* applies retroactively; and that, therefore, Thieszen was entitled to postconviction relief. Accordingly, the district court vacated Thieszen's life sentence and set a hearing to determine Thieszen's sentence on the first degree murder conviction. The State appeals.

## ASSIGNMENTS OF ERROR

The State assigns that the district court erred by granting postconviction relief and vacating Thieszen's sentence of life imprisonment for his first degree murder conviction.

---

[2] *Id.*, 132 S. Ct. at 2460.

[3] *State v. Mantich*, 287 Neb. 320, 842 N.W.2d 716 (2014); *State v. Castaneda*, 287 Neb. 289, 842 N.W.2d 740 (2014).

STANDARD OF REVIEW

[1] The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court.[4]

[2] In appeals from postconviction proceedings, an appellate court independently resolves questions of law.[5]

ANALYSIS

[3] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[6]

[4,5] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.[7] Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.[8]

[6,7] This case involves the second type of final order—an order affecting a substantial right made during a special proceeding. The terms "special proceeding" and "substantial right" are not defined by statute, but have been interpreted by case law. Our case law establishes that a postconviction

---

[4] *State v. Penado*, 282 Neb. 495, 804 N.W.2d 160 (2011).

[5] *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014); *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013); *State v. Marks*, 286 Neb. 166, 835 N.W.2d 656 (2013); *State v. Pittman*, 285 Neb. 314, 826 N.W.2d 862 (2013); *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

[6] See *State v. Hudson*, 273 Neb. 42, 727 N.W.2d 219 (2007).

[7] *Id*.

[8] *State v. Vela*, 272 Neb. 287, 721 N.W.2d 631 (2006).

proceeding is a special proceeding for appellate purposes.[9] Although this court did not use the term "substantial right," we have nevertheless found that an order vacating a sentence in a postconviction proceeding is a final order.[10] This is understandable in light of the fact that the order granting and disposing of Thieszen's entire postconviction motion by vacating his sentence disposes of the postconviction proceeding, which was civil in nature. Whereas, resentencing will again be part of the criminal proceeding. Accordingly, we find that the district court entered a final order when it vacated the sentence of Thieszen.

[8] In *Miller v. Alabama*, the U.S. Supreme Court held that the "Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."[11] In the recent case of *Montgomery v. Louisiana*,[12] the Court verified that the rule in *Miller v. Alabama* was retroactive on state collateral review. Upon questions involving the interpretation of the U.S. Constitution, the decision of the U.S. Supreme Court is the supreme law, by which state courts are bound.[13]

The State asserts that the district court erred in finding it was bound by *Miller v. Alabama* and that, therefore, the district court erred in granting Thieszen postconviction relief. The State claims that the district court was not bound by *Miller v. Alabama* for two reasons; the State argues first that Thieszen's sentence to life imprisonment was not mandatory and, second, that Thieszen has a possibility of parole.

---

[9] See *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998).

[10] See *State v. Bartlett*, 210 Neb. 886, 317 N.W.2d 102 (1982).

[11] *Miller v. Alabama, supra* note 1, 132 S. Ct. at 2469.

[12] *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016).

[13] See *State v. Cozzens*, 241 Neb. 565, 490 N.W.2d 184 (1992).

The State claims first that the life sentence was not mandatory, but discretionary, because of Neb. Rev. Stat. § 29-2204(2) (Reissue 1979), which provided:

> Whenever the defendant was under eighteen years of age at the time he committed the crime for which he was convicted, the court may in its discretion, instead of imposing the penalty provided for the crime, make such disposition of the defendant as the court deems proper under the provisions of Chapter 43, article 2, as to persons adjudicated in the juvenile courts.

However, as Thieszen noted in his brief, although the statute cited above was applicable in 1987, when the crime was committed, its use in 1996, when Thieszen was 23 years of age, was not a viable option for a murder conviction. Thus, we conclude that § 29-2204(2) is not applicable to the question of whether Thieszen was sentenced to a mandatory term of life imprisonment.

Second, the State argues that Thieszen's life sentence does not equate to *Miller v. Alabama*'s "life without parole," because at the time Thieszen was sentenced, the sentencing scheme was such that, after serving 30 calendar years of the original sentence, Thieszen would be "considered for programming, including recommendation to the Board of Pardons for commutation of the life sentence to a definite number of years."[14]

We have already rejected this argument in *State v. Castaneda*.[15] In *State v. Castaneda*, the juvenile defendant, Juan Castaneda, was sentenced to two terms of life imprisonment for first degree murder. At the time Castaneda was sentenced, Nebraska's statutes provided that a juvenile convicted of first degree murder was subject to mandatory life imprisonment.[16] Although the statutes did not expressly contain the

---

[14] Brief for appellant at 14-15.

[15] *State v. Castaneda, supra* note 3.

[16] See Neb. Rev. Stat. §§ 28-105 and 28-303 (Reissue 2008).

qualifier "without parole," a committed offender becomes eligible for parole in Nebraska after serving "one-half the minimum term of his or her sentence."[17] In *State v. Castaneda*, we explained that "[b]ecause there is no way to compute 'one-half' of a life sentence, an offender sentenced to life imprisonment in Nebraska for first degree murder is not eligible for parole."[18]

[9] In *State v. Castaneda*, the State argued that *Miller v. Alabama* did not apply to Castaneda's sentence, because offenders like Castaneda had their record reviewed by the Board of Parole every 10 years and could become eligible for parole if their sentence was commuted. We rejected this argument and found that the "mere existence of a remote possibility of parole does not keep Nebraska's sentencing scheme from falling within the dictates of *Miller*"[19] and further found that "Nebraska's sentence of life imprisonment is effectively life imprisonment without parole under the rationale of *Miller* . . . , because it provides no meaningful opportunity to obtain release."[20]

In the present case, the State attempts to distinguish *State v. Castaneda* by suggesting that, unlike Castaneda, Thieszen's sentence was likely to be commuted to a term of years. The State references a letter from the Nebraska Board of Pardons, which was entered into evidence. The letter states that since 1969, there have been 28 offenders who were sentenced to life imprisonment as a result of first degree murder convictions who have had their sentences commuted to a term of years. However, this letter tells us little about the likelihood that Thieszen's life sentence would be commuted and does not change the discretionary nature of a grant of commutation.

---

[17] See Neb. Rev. Stat. § 83-1,110(1) (Reissue 2014).

[18] *State v. Castaneda, supra* note 3, 287 Neb. at 311, 842 N.W.2d at 757.

[19] *Id*. at 312, 842 N.W.2d at 757.

[20] *Id.* at 313-14, 842 N.W.2d at 758.

Therefore, based upon the principles outlined by the U.S. Supreme Court, the district court's decision to grant Thieszen's motion for postconviction relief must be affirmed.

## CONCLUSION

The district court was bound by U.S. Supreme Court precedent in *Miller v. Alabama*, because the relevant sentencing scheme mandated life imprisonment without the possibility for parole. We therefore affirm the district court's decision to grant Thieszen's motion for postconviction relief, and we remand the cause for resentencing.

Affirmed and remanded for resentencing.