IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


BOPPRE V. FRAKES


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


JEFF BOPPRE, APPELLANT,

V.

SCOTT FRAKES, DIRECTOR, NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, ET AL., APPELLEES.


Filed February 21, 2017.    No. A-15-832.


Appeal from the District Court for Johnson County: DANIEL E. BRYAN, JR., Judge. Order vacated in part, and appeal dismissed.

Jeff Boppre, pro se.

Douglas J. Peterson, Attorney General, Kyle Citta, and James D. Smith for appellees.


RIEDMANN and BISHOP, Judges, and MCCORMACK, Retired Justice.

BISHOP, Judge.

### INTRODUCTION

Following the May 2015 prison riot at Tecumseh State Correctional Institution (TSCI), inmate Jeff Boppre filed documents in the district court for Johnson County seeking an "emergency" preliminary injunction against several defendants, generally claiming that the conditions at TSCI constituted cruel and unusual punishment and that irreparable harm would be suffered unless a preliminary injunction was entered. The district court entered an order denying Boppre's claim for temporary injunctive relief and also dismissed the case on the basis that no complaint had been filed seeking any other relief. Boppre appeals the denial of his request for a temporary injunction. We vacate the district court's order in part and dismiss the appeal for lack of jurisdiction.

BACKGROUND

Boppre sought an "emergency" injunction against the Nebraska Department of Correctional Services (NDCS), Scott Frakes (Director, NDCS), and Brian Gage (Warden, TSCI), (hereafter collectively referred to as the "State"). Boppre filed two pro se documents which appear to have been signed by Boppre at different times but both were filed-stamped by the clerk of the district court for Johnson County on May 26, 2015. One document was titled "Motion for Emergency Preliminary Injunction" (certificate of service dated May 12; hereafter "May 12" pleading) and the other was titled "Emergency Temporary Preliminary Injunction § 25-1063" (certificate of service dated May 22; hereafter "May 22" pleading). Boppre's May 12 pleading alleged, among other things, that since the riot, he had been locked in his cell without a shower, clean clothing, exercise, and the ability to clean his room; he was not able to send or receive legal correspondence; he was fed only bread and cheese; and "another inmate was moved into a room designed for 1 man. [sic] to sleep on the floor." Boppre claimed the conditions were unconstitutional and that prison overcrowding has resulted in lack of privacy, poor physical conditions, and inadequate sanitation. Boppre also alleged that prison staff denied him appropriate medical attention. He alleged that these conditions were unconstitutional and were likely to worsen without a preliminary injunction.

The May 22, 2015, pleading contained similar factual allegations as the May 12 pleading. Boppre alleged a violation of his constitutional right to humane conditions, rights to medical care, and the prohibition of cruel and unusual punishment. Boppre said he "seeks relief and protection from these conditions and for the prison to not enforce the bad conditions on him or none of the other prisoners at TSCI." He specifically alleges the court's authority under Neb. Rev. Stat. § 25-1063 (Reissue 2016) to grant an "Emergency Temporary preliminary injunction." Boppre again claimed he was being deprived of basic human needs such as food, exercise, sanitation, and medical attention. Boppre complained of the prison being overcrowded and understaffed, and that "it is not safe for the inmates nor the staff at Tecumseh prison."

The State filed an "Answer" on July 29, 2015. The State denied "each and every allegation set forth in [Boppre's] Complaint except those which constitute admissions against the interests of [Boppre]" and also denied that the State violated Boppre's rights. The State also asserted affirmative defenses, including failure to state a cause of action upon which relief can be granted, sovereign immunity, qualified immunity, failure to exhaust administrative remedies, lack of personal participation by the defendants, improper parties, and that Boppre is not entitled to damages.

Apparently sometime thereafter, Boppre filed a "Motion for Emergency Hearing on Preliminary Injunction," which is not in our record. However, this document is referred to in the State's "Objection to Plaintiff's Motion for a Preliminary Injunction" filed on August 6, 2015. In that objection, the State acknowledges "there was a disturbance at TSCI on May 10, 2015" and that the State "acted at all times to ensure the safety and security of the institution, the inmates, and the public and did not, and are not, violating [Boppre's] constitutional rights."

On August 7, 2015, the day after the State filed its objection, Boppre filed a "Motion to be Heard on Imminent Danger of Serious Physical Injury." This motion focused more on Boppre's

- 2 -

medical issues than the previous two filings. Boppre described his pancreatitis and kidney stone diagnosis, his need to see a specialist and the backlog of travel orders for medical procedures. He also claimed that he was in imminent danger of serious physical injury because the prison staff refused to remove or otherwise treat his kidney stone.

The district court held a hearing on August 10, 2015, at which time the following colloquy took place, with Boppre attending by telephone conference:

> THE COURT: Now, Mr. Boppre, we have a couple of motions set for today, correct?
>
> [Boppre]: Okay.
>
> THE COURT: Well, I mean, that's - I just want to make sure everybody is on the same page. [State's attorney], which ones do you believe are set for today?
>
> [The State]: Well, the Motion for a Preliminary Injunction. There was filed maybe multiple copies.
>
> THE COURT: That's what I had too. That's what we're here for, and I just want to make sure everybody is in agreement with that.

On August 12, 2015, the district court entered an order denying a temporary injunction. In its order, the court set out the requirements for a temporary injunction pursuant to § 25-1063. The court concluded the evidence failed to show "irreparable injury has been made" and therefore the court denied Boppre's motion for temporary injunction. The district court also found that Boppre did not file a complaint requesting any other relief, and that this warranted dismissal of Boppre's case, stating: "[Boppre's] request for temporary injunction is denied. Since no complaint was filed for any other relief this court finds that its ruling is a final order. [Boppre's] motion being denied requires that the case be dismissed." The court commented that it had granted in forma pauperis to Boppre "[d]espite the fact there was no complaint filed." On August 20, Boppre filed a motion to set aside the verdict/judgment; the district court denied that motion on August 24. Boppre timely appealed.

## ASSIGNMENTS OF ERROR

Boppre assigns that the district court erred by: (1) "failing to properly apply the correct standard for 'Imminent Danger' of serious Physical injury, and to hold a hearing to resolve the question"; (2) "denying the Emergency Preliminary injunction without making the determination whether the condition of confinement constitute[s] cruel and unusual punishment and denial of basic human needs"; (3) denying the issuance of subpoenas requested by Boppre; and (4) "sustaining the Judgment on evidence that was insufficient, and denying to set aside the Judgment."

## STANDARD OF REVIEW

The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court. *State v. Thieszen*, 295 Neb. 293, 887 N.W.2d 871 (2016).

ANALYSIS

Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *State v. Thieszen*, *supra*. If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction. *Shasta Linen Supply v. Applied Underwriters*, 290 Neb. 640, 861 N.W.2d 425 (2015). Under such circumstances, an appellate court only has jurisdiction to dismiss the purported appeal. See *State v. McNerney*, 239 Neb. 887, 479 N.W.2d 454 (1992).

Although the State did not raise jurisdiction as an issue in its brief to this court, it did so at oral argument. The State suggested that the district court did not have jurisdiction to hear Boppre's motion for a temporary injunction since, as the district court itself concluded, Boppre had failed to file an underlying complaint. We agree.

In this case, the titles on Boppre's initial pleadings state that he was seeking only a "Motion for Emergency Preliminary Injunction" and an "Emergency Temporary Preliminary Injunction § 25-1063." Grounds for a temporary injunction in Nebraska are controlled by statute:

> When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great or irreparable injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act, subject to the limitations of sections 25-1062 to 25-1080. It may also be granted in any case specifically authorized by statute.

§ 25-1063. The statute requires courts to examine the plaintiff's complaint; in other words, it requires an underlying claim for relief before a court may grant a temporary injunction. Generally, the purpose of a temporary injunction is to protect the subject matter of litigation and preserve the status quo of the parties until a determination of the case on the merits. *Pennfield Oil Co. v. Winstrom*, 272 Neb. 219, 720 N.W.2d 886 (2006). To consider whether temporary relief may be necessary, the existence of a complaint demanding permanent relief is vital to the court's jurisdiction over a motion brought pursuant to § 25-1063. Without a pending action commenced by the filing of a complaint (or petition), a court is without jurisdiction to act. See *Tiedtke v. Whalen*, 133 Neb. 301, 275 N.W. 79 (1937) (where writ of replevin was quashed by district court because no petition had been properly filed, this was equivalent to ending case and court no longer had jurisdiction to continue with action).

The district court concluded there was no complaint seeking any relief other than temporary relief; we agree. A civil action must be commenced by filing a complaint in the office of the clerk of a proper court. Neb. Rev. Stat. § 25-501 (Reissue 2016). And a motion is not a complaint. A motion is "an application for an order addressed to the court or a judge in vacation, by any party to a suit or proceeding, or one interested therein." Neb. Rev. Stat. § 25-908 (Reissue 2016). A

motion does not initiate new litigation, but brings before the court for ruling some material but incidental matter arising in the progress of the case in which the motion is filed. *State v. McNerny, supra*. Jurisdiction over a motion is therefore dependent upon jurisdiction over the underlying case in which the motion is filed. *Id.* In the present matter, the court could not have jurisdiction over Boppre's motions for temporary relief because, as the district court itself noted, there was no underlying complaint. Although we are aware that trial courts should examine the substance of a petitioner's actual request, instead of simply the title of the petition, see *Linda N. v. William N.*, 289 Neb. 607, 856 N.W.2d 436 (2014), even under a liberal reading of Boppre's initial filings, it is clear he seeks only "emergency" temporary relief from conditions he alleges were the result of the May 2015 Tecumseh prison riot. Although it is puzzling that the State filed an answer rather than seeking a dismissal of an improperly filed motion, the State's failure to address the defect does not change the fact that a motion for a preliminary injunction pursuant to § 25-1063 cannot be considered without an underlying complaint setting forth the permanent relief sought.

Boppre's motions make no request for a permanent injunction or any other relief. Boppre seeks only temporary relief pursuant to § 25-1063. Accordingly, there was no proper civil action commenced over which the district court had jurisdiction, and therefore this court likewise has no jurisdiction over this appeal and it must be dismissed. Because we find the district court lacked jurisdiction, it properly dismissed Boppre's case.

## CONCLUSION

Boppre's motions for "emergency" preliminary injunctions pursuant to § 25-1063 cannot confer jurisdiction on the district court when no underlying complaint has been filed. Accordingly, the district court's August 12, 2015, order correctly dismissed the case; however, the part of its order denying a temporary injunction must be vacated for lack of jurisdiction. Thus, we vacate the district court's order in part and dismiss the appeal for lack of jurisdiction.

ORDER VACATED IN PART, AND APPEAL DISMISSED.