Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/27/2020 09:07 AM CDT

State of Nebraska, appellee, v.
Marco E. Torres, Jr., appellant.
___ N.W.2d ___

Filed January 3, 2020.    No. S-19-276.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
   from postconviction proceedings, an appellate court reviews de novo
   a determination that the defendant failed to allege sufficient facts to
   demonstrate a violation of his or her constitutional rights or that the
   record and files affirmatively show that the defendant is entitled to
   no relief.
2. **Postconviction: Appeal and Error.** Appeals of postconviction pro-
   ceedings will be reviewed independently if they involve a question
   of law.

Appeal from the District Court for Hall County: James D.
Livingston, Judge, Retired. Affirmed.

Marco E. Torres, Jr., pro se.

Douglas J. Peterson, Attorney General, and James D. Smith,
Solicitor General, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
and Papik, JJ.

Miller-Lerman, J.
## NATURE OF CASE
Marco E. Torres, Jr., appeals from the order of the district
court for Hall County which denied his third motion for post-
conviction relief without an evidentiary hearing. Torres asserts
that the Legislature's statute providing for the repeal of the

death penalty, 2015 Neb. Laws, L.B. 268, went into effect, thereby changing his death sentence to life imprisonment. Torres further asserts that the rejection of L.B. 268 by public referendum reimposed a death sentence, that the referendum was constitutionally impermissible in a variety of ways, and that he was harmed thereby. We find no merit to Torres' claims and affirm the order of the district court.

## STATEMENT OF FACTS

In 2009, a jury found Torres guilty of two counts of first degree murder and other felony offenses. He was sentenced to death for each of the murders and sentenced to prison terms for the other felonies. We affirmed his convictions and sentences on direct appeal. *State v. Torres*, 283 Neb. 142, 812 N.W.2d 213 (2012).

Torres first moved for postconviction relief in 2013, raising claims of prosecutorial misconduct and ineffective assistance of counsel. The district court denied postconviction relief after conducting an evidentiary hearing. We affirmed in *State v. Torres*, 295 Neb. 830, 894 N.W.2d 191 (2017).

In his second postconviction proceeding, filed on June 14, 2017, Torres claimed that his death sentences were unconstitutional under *Hurst v. Florida*, ___ U.S. ___, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016), and *Johnson v. U.S.*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). The district court found that Torres' motion for postconviction relief was time barred under the 1-year limitations period of Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) and denied relief without conducting an evidentiary hearing. We affirmed in *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018).

Torres filed a third postconviction proceeding on December 4, 2017. It is the denial of relief from the third postconviction action which gives rise to this appeal. In his third postconviction motion, Torres generally alleged that he was entitled to relief based on the proposition that L.B. 268 changed his sentence from the death penalty to life imprisonment and the 2016

public referendum which "reject[ed]" L.B. 268 changed it back to a death sentence. Neb. Const. art. III, § 3.

Torres specifically alleged that the referendum reimposed the death penalty on him and that such imposition was cruel and unusual punishment, violated due process, constituted an unconstitutional bill of attainder that targeted the individuals on death row, and violated separation of powers. The district court rejected Torres' claims based on the insufficiency of allegations in the motion and denied the third postconviction motion without an evidentiary hearing. Torres appeals.

## ASSIGNMENTS OF ERROR

Torres contends, summarized and restated, that (1) the district court's analysis regarding the powers of the Legislature to enact sentencing laws was flawed and (2) the referendum process and result amounted to imposition of cruel and unusual punishment, violated due process, constituted an impermissible bill of attainder, and violated separation of powers.

Because our analysis differs from that of the district court and eclipses Torres' arguments regarding the powers of the Legislature to enact sentencing statutes, it is not necessary to consider Torres' first assignment of error.

## STANDARDS OF REVIEW

[1,2] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). Appeals of postconviction proceedings will be reviewed independently if they involve a question of law. See *State v. Thieszen*, 295 Neb. 293, 887 N.W.2d 871 (2016).

## ANALYSIS

As an initial matter, we recognize that the State has suggested that Torres' current postconviction motion is procedurally

barred. Although there may be merit to this argument, as we recognized in *Sandoval v. Ricketts*, 302 Neb. 138, 922 N.W.2d 222 (2019), a postconviction action may be a suitable procedure to examine the claims that are central to this death penalty case, and we therefore proceed to consideration of the merits.

We have reviewed Torres' motion for postconviction relief, and although our reasoning differs from that of the district court, we agree with the determination that Torres has failed to allege sufficient facts to demonstrate a violation of his constitutional rights. See *State v. Allen, supra*. The allegations assert that certain constitutional guarantees were violated; however, we have recently considered and rejected at length the essential substance of each of Torres' allegations. See, *State v. Mata, ante* p. 326, 934 N.W.2d 475 (2019); *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019).

The principal but flawed premise for Torres' constitutional claims is that L.B. 268 went into effect, thereby changing his death sentence to life imprisonment, and that the successful referendum reimposed the death penalty. In *State v. Jenkins*, we concluded that "the filing of petitions on August 26, 2015—prior to the effective date of L.B. 268—suspended [L.B. 268's] operation until Nebraskans effectively rejected the bill by voting to repeal it. . . . L.B. 268 never went into effect . . . ." 303 Neb. at 710-11, 931 N.W.2d at 879.

In *State v. Mata*, we described the process as follows:

In May 2015, the Nebraska Legislature passed 2015 Neb. Laws, L.B. 268, which abolished the death penalty in Nebraska, and then overrode the Governor's veto of the bill. Within L.B. 268, the Legislature provided that "in any criminal proceeding in which the death penalty has been imposed but not carried out prior to the effective date of this act, such penalty shall be changed to life imprisonment." The Legislature adjourned sine die on May 29. Because L.B. 268 did not contain an emergency clause, it was to take effect on August 30.

Following the passage of L.B. 268, opponents of the bill sponsored a referendum petition to repeal it. On August 26, 2015, the opponents filed with the Nebraska Secretary of State signatures of approximately 166,000 Nebraskans in support of the referendum. On October 16, the Secretary of State certified the validity of sufficient signatures. Enough signatures were verified to suspend the operation of L.B. 268 until the referendum was approved or rejected by the electors at the upcoming election. During the November 2016 election, the referendum passed and L.B. 268 was repealed, that is, in the language of the Constitution, the act of the Legislature was "'reject[ed].'"

*Ante* at 331-32, 934 N.W.2d at 480. See, also, Neb. Const. art. III, § 3; *State v. Jenkins, supra*.

As we addressed in our analysis of comparable claims in *State v. Mata*, the essential substance of claims based on cruel and unusual punishment, due process, and bill of attainder which assert that L.B. 268 changed a death sentence to life imprisonment fails "because L.B. 268 was suspended and no such changes in his sentence occurred." *Ante* at 340, 934 N.W.2d at 485.

Torres contends that the anxiety created by the potential modification of a sentence is cruel and unusual punishment. However, we have concluded that such potential does not rise to an Eighth Amendment violation. See *State v. Mata, supra*. Accordingly, we reject this claim.

Torres also contends that his due process rights were violated when the successful referendum "reinstat[ed] the capital sentences *en masse*." Brief for appellant at 26. He claims he was denied the benefits of individualized sentencing. However, as we have explained, no resentencing occurred, and therefore this argument fails.

In a similar manner, Torres' assertion that the rejection of L.B. 268 by referendum was essentially a bill of attainder which was directed at him also fails. Torres specifically

claims that the "repeal of LB 268 by referendum sentenced . . . Torres to death." Brief for appellant at 31. As we have explained, Torres' death sentence was not suspended and the imposition of the death penalty was not a direct consequence of the referendum.

Finally, to the extent that Torres' claim is based on a violation of separation of powers, we addressed and rejected this claim in *State v. Mata, ante* p. 326, 343, 934 N.W.2d 475, 487 (2019), in which we concluded that the claim fails "because the result of the referendum is not invalidated even if such actions [of the Governor and other executive officers in the referendum process] were constitutionally improper." The remedy is not invalidation of the referendum, but instead removal from "the violating position." *Id*. at 344, 934 N.W.2d at 487.

## CONCLUSION

We have reviewed de novo the district court's determination that Torres failed to allege sufficient facts that demonstrate a violation of his constitutional rights and find no error in this determination. Accordingly, we affirm the district court's order which denied postconviction relief.

Affirmed.

Freudenberg, J., not participating.