IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MARK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSEPH J. MARK, APPELLANT.

Filed March 5, 2024.    No. A-23-428.

Appeal from the District Court for Douglas County: JAMES M. MASTELLER, Judge. Affirmed.

Joseph J. Mark, pro se.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Joseph J. Mark appeals from the order of the district court for Douglas County denying his motion for postconviction relief without an evidentiary hearing and denying his motion to disqualify the trial court judge from presiding over his postconviction motion. Based on the reasons that follow, we affirm.

## BACKGROUND

In 2019, the State filed two criminal cases against Mark. Between the two cases, he was charged with 15 counts pertaining to incidents of sexual abuse of his 15-year-old and 11-year-old biological daughters and his 13-year-old biological son. See *State v. Mark*, Nos. A-21-125, A-21-126, 2021 WL 4851273 (Neb. App. Oct. 19, 2021) (not designated for permanent publication). The cases were consolidated, and the parties reached a plea agreement whereby Mark

- 1 -

pled no contest to six counts, and the remaining nine counts were dismissed. *Id.* The court subsequently sentenced Mark to a total of 80 to 110 years' imprisonment. *Id*.

*Direct Appeal.*

Mark filed a consolidated direct appeal with the assistance of new counsel. He alleged: (1) the trial court misadvised him of the penalty for first degree sexual assault of a child, rendering his plea invalid on that offense; (2) the trial court erred by imposing excessive sentences; and (3) his trial counsel was ineffective in four respects. See *id.*

This court rejected all of Mark's assignments of error on direct appeal, except for a claim that trial counsel was ineffective in failing to review the presentence investigation (PSI) report with Mark prior to sentencing. We concluded this claim could not be addressed on direct appeal due to an insufficient record and was preserved for postconviction review. See *id*. The Court of Appeals' mandate was entered on January 19, 2022.

*First Motion for Postconviction Relief.*

On June 22, 2022, Mark filed a pro se motion for postconviction relief. In his motion he argued the trial court erred in regard to ordering psychological testing and raised issues of trial counsel's ineffectiveness in addition to the claim preserved in his direct appeal.

On December 15, 2022, the trial court entered an order denying Mark's postconviction motion without an evidentiary hearing. The trial court found that Mark's postconviction claims alleging ineffective assistance of counsel and errors made by the trial court were procedurally barred because they were or could have been litigated on direct appeal. Regarding his preserved claim from his direct appeal, the court found he failed to allege deficient performance or prejudice.

On March 27, 2023, Mark attempted to appeal from the denial of his postconviction motion by filing a notice of appeal and a motion to proceed in forma pauperis. However, we dismissed the appeal as untimely. See *State v. Mark*, A-23-247 & A-23-248. Mark filed a motion for rehearing, which was denied.

*Second Motion for Postconviction Relief and Motion to Disqualify.*

On April 27, 2023, Mark initiated the present action by filing a second motion for postconviction relief. He argued that there was new evidence about his mental condition that was not discovered until February 14, 2022, four months after his direct appeal was decided, which gave merit to the claims he previously raised on direct appeal and in his first postconviction motion. The new evidence about his mental condition was a diagnosis of general anxiety disorder given by a mental health professional with the Department of Corrections. Mark alleged that this new information confirmed that his pleas were involuntary, that the trial court erred by failing to address his mental health condition prior to accepting his plea and sentencing him, and that his trial counsel was ineffective for failing to properly investigate and address his mental health condition.

Mark also alleged in his second postconviction motion that this new information would have been relevant to his guilt and/or his sentencing for the sexual offenses because it would have shown that he did not act out of sexual motivation but rather to help his daughter from being hurt or harmed in the future. He stated that his daughter had anxiety about not knowing how to act in

romantic and sexual situations and she came to him asking to be "taught and trained in the ways of a 'proper woman.'" Mark further alleged that his daughter's anxiety triggered his own anxiety, leading to sexual acts that "had the intention of mitigating the anxieties of both parties."

On the same day Mark filed his second motion for postconviction relief, he filed a motion to disqualify, asking the trial judge to recuse himself from presiding over his second postconviction action because the judge had a conflict of interest and there was an "appearance of impropriety."

On May 22, 2023, the trial court issued an order denying Mark's second postconviction motion without an evidentiary hearing and denying his motion to disqualify. The court found that his second postconviction motion was time barred under Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) given that it was not filed within 1 year of his convictions becoming final on direct appeal. It also found that his second postconviction motion was procedurally barred because all the claims in the second motion could have been raised in the prior postconviction proceeding. As such, the court found that an evidentiary hearing was not warranted and denied Mark's second postconviction motion.

Regarding the motion to disqualify, the trial court found that Mark had failed to meet his burden of showing that recusal was warranted and overruled his motion.

## ASSIGNMENTS OF ERROR

Mark assigns that the trial court erred in (1) finding that his postconviction motion was an invalid successive motion, (2) finding his postconviction motion was untimely, (3) citing the "need for finality in the judicial process," (4) finding that the postconviction motions failed to allege sufficient facts, which if proved true, entitled him to relief, (5) violating his due process in the first motion for postconviction relief, and (6) overruling his motion to disqualify.

## STANDARD OF REVIEW

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022).

A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023).

## ANALYSIS

Mark's first four assignments of error generally allege that the trial court erred in denying his second motion for postconviction relief without an evidentiary hearing because it was time barred and procedurally barred.

*Standards Governing Postconviction Relief.*

In Nebraska, postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Lotter, supra*. In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Cox*, 314 Neb. 104, 989

N.W.2d 65 (2023). The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *Id*.

However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

Further, § 29-3001(4) provides a one-year limitation for postconviction relief. This period runs from the later of (a) the date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal; (b) the date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence; (c) the date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action; (d) the date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or (e) August 27, 2011. The 1-year statute of limitations in § 29-3001(4) applies to all verified motions for postconviction relief, including successive motions. *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017).

*Timeliness of Second Motion for Postconviction Relief.*

The trial court overruled Mark's second motion for postconviction relief without an evidentiary hearing in part because it was untimely filed. As stated above, § 29-3001(4)(a) provides a 1-year limitation for postconviction relief, which runs from the date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal. For purposes of § 29-3001(4), the "conclusion of a direct appeal" occurs when a Nebraska appellate court issues the mandate in the direct appeal. *State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015). Mark's judgment of conviction became final on January 19, 2022. The present motion for postconviction relief was filed on April 27, 2023, more than a year after his conviction became final on direct appeal. Clearly, his second motion for postconviction relief is time barred under subsection (a).

Mark does not claim that any of the other subsections of § 29-3001(4) apply to make his motion timely. He argues, however, that his second postconviction motion is not time barred because it is merely a "refiling" of the same claims as previously dismissed and not a subsequent filing of a previously denied motion for postconviction relief. He argues this is so because his first postconviction motion was never fully adjudicated and never became final because it was "denied" rather than "sustained or overruled" as contemplated by Neb. Rev. Stat. § 29-3002 (Reissue 2016). Brief for appellant at 16-18.

Section 29-3002 provides that an order "sustaining or overruling" a postconviction shall be deemed to be a final judgment, and an appeal may be taken from the district court as provided for in appeals in civil cases. The trial court "denied" Mark's first postconviction motion. However, for purposes of § 29-3002, the court's denial of Mark's first postconviction motion was equivalent to the court "overruling" the motion. See e.g. *State v. Hudson*, 273 Neb. 42, 727 N.W.2d 219 (2007) (order denying evidentiary hearing on postconviction claim is effectively order overruling motion for postconviction relief as to that claim, and order is therefore "final judgment" as to such claim under § 29-3002). Contrary to Mark's assertion, the denial of his first postconviction motion was a final judgment, and his second postconviction motion was filed past the 1-year time limitation.

Mark also argues that his current postconviction motion was timely filed under the principle of "equitable tolling." The doctrine of equitable tolling permits a court to excuse a party's failure to comply with the statute of limitations where, because of disability, irremediable lack of information, or other circumstances beyond his or her control, the plaintiff cannot be expected to file suit on time. *State v. Hill*, 310 Neb. 647, 968 N.W.2d 96 (2021). Mark claims that the 1-year limitation period was tolled between the date he filed his first postconviction motion and the date the trial court denied the motion, a total of 176 days, because he had no control over the proceedings during that time. He argues that when those days are excluded from the 1-year limitations period, his second postconviction motion is timely.

While the Supreme Court has not yet determined whether equitable tolling applies to postconviction proceedings under § 29-3001, it has stated that "it is difficult to conceive of a circumstance outside § 29-3001(4)(c) that would support application of the equitable tolling doctrine in a postconviction motion." *State v. Hill*, 310 Neb. at 652, 968 N.W.2d at 100. The court further stated that "a prisoner is not deprived of the opportunity to bring a postconviction action if there is some time within the period of the 1-year limitation that the prisoner could have filed a postconviction action." *Id.* at 652-53, 968 N.W.2d at 101.

In the present case, Mark clearly had time within the 1-year limitation to file a postconviction action as his first motion for postconviction relief was filed within that timeframe. Mark points to no authority, and we are aware of none, which suggests that the 1-year limitation period was tolled during his first postconviction proceeding.

Therefore, as the trial court found, Mark's second motion for postconviction relief was time barred under § 29-3001(4).

*Procedural Bar to Second Motion for Postconviction Relief.*

The trial court also found that Mark's second motion for postconviction relief was procedurally barred because he was alleging issues that have been or could have been raised in his first motion for postconviction relief.

The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022). Therefore, it is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *Id.* The Supreme Court has explained that when an issue could have been raised on direct appeal, it is

procedurally barred from postconviction relief, no matter how the issues may be phrased or rephrased. *Id.*

Additionally, the statute governing postconviction relief expressly provides that a "court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner." *Id.* at 888, 976 N.W.2d at 731 citing § 29-3001(3). This provision has long been construed to require that all available grounds for postconviction relief must be stated in the initial postconviction motion and, once that motion has been judicially determined, any subsequent postconviction motion regarding the same conviction and sentence may be dismissed by the district court unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing the prior motion. See *State v. Lotter, supra.* Stated differently, a defendant is entitled to bring a successive postconviction motion only when the face of the motion affirmatively shows that the issues raised therein could not have been raised in prior motions. *Id.* See also *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017) (defendant is entitled to bring second proceeding for postconviction relief only if grounds relied upon did not exist at time first motion was filed).

In his second postconviction motion, Mark argued that new information about his mental health was discovered after this court's decision on direct appeal, which gave merit to the claims he previously raised on direct appeal and in his first postconviction motion. This new information was his general anxiety disorder diagnosis. However, based on his own allegations, he was aware of this information before he filed his first motion for postconviction relief. He stated that he learned of his anxiety diagnosis on February 14, 2022, and his first postconviction motion was filed on June 22, 2022. Accordingly, this "new information" and the claims related to the information were available and could have been raised in his first postconviction motion. There are no allegations in Mark's second postconviction motion to show that the issues he now raises did not exist at the time he filed his first postconviction motion. Accordingly, Mark's second motion for postconviction relief is procedurally barred as an impermissible successive action. The trial court properly denied the motion without an evidentiary hearing on this basis, as well as it being time barred.

*Error Related to First Motion for Postconviction Relief.*

Mark's fifth assignment of error alleges that the trial court violated his due process in his first motion for postconviction relief. This issue cannot be raised in a successive motion for postconviction relief. Any alleged errors related to his first motion for postconviction relief are barred as those claims could have been raised in his appeal of his first postconviction motion, had he perfected a timely appeal.

*Motion to Disqualify.*

Mark's final assignment of error is that the trial judge erred in failing to disqualify or recuse himself from presiding over the second postconviction motion. The same trial judge accepted Mark's plea agreement, sentenced him, and decided both postconviction motions. Mark alleges that the judge "has demonstrated not just self-serving bias to prevent himself from being shown to be wrong at sentencing, but also bias against this defendant specifically . . . ." Brief for appellant at 41.

The Nebraska Revised Code of Judicial Conduct states that a judge must recuse himself or herself from a case if the judge's impartiality might reasonably be questioned. Neb. Rev. Code of Judicial Conduct § 5-302.11. See also *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022). In order to demonstrate that a trial judge should have recused himself or herself, the moving party must show that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown. *Id.* In addition, a defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *Id.* Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion directed to a trial judge. *Id.*

In Mark's motion to disqualify, as well as in his brief on appeal, he alleges that because his second postconviction motion contains allegations of error by the trial judge, the trial judge was unable to address his allegations in an unbiased manner. He claims an inherent conflict of interest caused by the judge ruling on his own alleged error, creating an appearance of impropriety. Mark also alleges that there is evidence in the record of biased behavior by the trial judge toward Mark, including multiple violations of due process in the handling of his first postconviction motion.

There is no rule of law which automatically disqualifies a judge who has presided at trial from subsequently considering a postconviction action. *State v. Sims*, 272 Neb. 811, 725 N.W.2d 175 (2006); *State v. Herren*, 212 Neb. 706, 325 N.W.2d 151 (1982). To the contrary, it is generally encouraged that the postconviction petition be heard by the same judge that rendered the original judgment. *State v. Sims, supra.* The judge's familiarity with the case is regarded as beneficial to all concerned because it furthers the goal of an efficient, expeditious, and fair decision on the motion. *Id.*

We conclude that Mark has failed to demonstrate that the trial judge demonstrated bias against him and, therefore, failed to meet his burden of overcoming the presumption of judicial impartiality. The motion to disqualify was properly denied.

CONCLUSION

We affirm the trial court's order denying Mark's second motion for postconviction relief and denying his motion to disqualify.

AFFIRMED.